234

STUDIENGESELLSCHAFT KOHLE
MBH, Plaintiff,

v.

NOVAMONT CORPORATION,
Defendant,

v.

MAX–PLANCK–INSTITUT FUR KOH-
LENFORSCHUNG, Dr. Med. Marianne
Whitte and Dr. Erhart Ziegler, Heirs of
Maria Ziegler,

and

Wilhelm Schmidtmann, Executor of the
Estate of Maria Ziegler, Additional
Defendants on Counterclaim.

No. 77 Civ. 4722(RWS).

United States District Court,
S. D. New York.

Oct. 16, 1981.

See also D.C., 518 F.Supp. 557, 532
F.Supp. 234.

Sprung, Felfe, Horn, Lynch & Kramer,
New York City, for plaintiff; Arnold

Sprung, Nathaniel D. Kramer, New York City, of counsel.

Morgan, Finnegan, Pine, Foley & Lee, New York City, for defendant; Harry C. Marcus, New York City, of counsel.

## OPINION

SWEET, District Judge.

On September 18, 1981, this court heard argument with respect to the proposed judgment to be entered upon the opinion of this court, dated June 30, 1981, 518 F.Supp. 557, and in the supplemental opinion, dated September 2, 1981, 532 F.Supp. 234. The proposed judgments of plaintiff Studiengesellschaft Kohle MBH ("SGK") and defendant, Novamont Corporation ("Novamont") differ principally with respect to the amount of damages that Novamont is entitled to as a set off because SGK breached the most favored licensee ("MFL") clause contained in the SGK/Novamont license agreement of 1967, the terms and effect of which have been the subject of the earlier opinions just referred to.

The parties are directed to submit a final judgment on notice within ten (10) days in accordance with this memorandum opinion. SGK is entitled to damages from Novamont in the amount of $1,657,000.00, constituting royalties accrued and past due from the second quarter of 1977 to the fourth quarter of 1980. This figure is based on an accounting agreed to by both parties. This amount is to be offset by the amount due to Novamont under its counterclaim.

■ As has already been held, because of the MFL clause, SGK was bound to make available to Novamont any agreement that would be more favorable to Novamont than Novamont's own agreement with SGK. The proposed agreement, which SGK offered to Novamont, which purported to correspond to the license granted to Diamond Shamrock, did not provide for Novamont to accrue royalties, a right Diamond Shamrock possessed, and thus relieved Novamont of its requirement to elect the Diamond Shamrock agreement in writing. *Scholle v. Cuban-Venezuelan Oil Voting Trust,* 285 F.2d 318, 320 (2d Cir. 1960). Once SGK made it clear that it would not agree to give accrual rights to Novamont, Novamont had the right to sue SGK for breach of contract, and the condition precedent of a written election, waived by SGK's breach of contract, could not abrogate that right. *Id., Allbrand Discount Liquors, Inc. v. Times Square Stores Corp.,* 60 A.D.2d 568, 399 N.Y.S.2d 700, 701 (2d Dept. 1977). Novamont continued under its own agreement and in this action, counterclaimed for damages based on the terms of the Diamond Shamrock agreement.

■ Because Novamont was entitled to the Diamond Shamrock agreement, damages to Novamont will be assessed by calculating the difference between the terms of the Diamond Shamrock agreement, which permitted Diamond Shamrock to accrue royalties payable to SGK from July 1, 1970 to May 6, 1974 and the SGK/Novamont agreement of December 21, 1967, which required Novamont to pay withheld royalties with interest from the first quarter of 1971 to the second quarter of 1974.

Therefore, Novamont is entitled to recover on its counterclaim and to setoff (a) the $24,578.00 constituting the interest on royalties paid under the Novamont agreement for the last two quarters of 1970; (b) the $94,651.00 interest Novamont was required to pay on royalty payments it withheld during the period of the Diamond Shamrock accrual under the Novamont rates; (c) the $130,547.00 cumulative difference between royalties paid under the Novamont rates and the royalties it should have paid under Diamond Shamrock rates. These amounts must be reduced by the interest on the $200,000.00 down payment against future royalties, which would have been paid to SGK as a term of the Diamond Shamrock agreement during the accrual period. The agreements between the parties contained no provision to fix any rate of interest as such, but SGK and Novamont in 1974 agreed upon an interest rate of 10% to apply to the unpaid royalties to be paid by Novamont at that time. Consequently, an interest rate of 10% will be applied to the

$200,000.00 down payment during the period of accrual, which Novamont would have been required to pay in order to obtain accrual benefits. Thus, Novamont's counterclaim is reduced by $68,009.00. Consequently, Novamont is entitled to a setoff resulting from its counterclaim in the amount of $181,767.00.

■ New York law requires prejudgment interest on sums awarded because of breach of performance of a contract. N.Y.C.P.L.R. § 5001 (McKinney); *Manhattan Fuel Co. v. New England Petroleum Corp.*, 439 F.Supp. 959, 971 (S.D.N.Y.1977), *aff'd*, 578 F.2d 1368 (2d Cir. 1978). Prejudgment interest in the amount of 10% has been adopted by both parties in their arguments and is found by the court to be an appropriate rate to be employed in the final judgment to be submitted. Thus SGK is entitled to 10% prejudgment interest for royalties due under the 1974 SGK/Novamont agreement. Interest shall be computed from the dates quarterly payments were due to the present. Novamont is entitled to 10% prejudgment interest on its counterclaim of $181,767.00 from May 6, 1974 to the present.

■ This court has wide discretion to award or to disallow costs. *McDonnell v. American Leduc Petroleum, Ltd.*, 456 F.2d 1170, 1188 (2d Cir. 1972); *County of Suffolk v. Secretary*, 76 F.R.D. 469, 472 (E.D.N.Y. 1977), *cert. denied*, 434 U.S. 1064, 98 S.Ct. 1238, 55 L.Ed.2d 764 (1978). Each party, having meritorious claims, shall bear its own costs in this action.

IT IS SO ORDERED.