■ MARGO PROPERTIES, INC., Respondent, v JOHN C. NELSON, Appellant. — Judgment, Supreme Court, New York County (Arnold G. Fraiman, J.), entered June 7, 1983, awarding specific performance to plaintiff seller under a contract for the sale of realty and dismissing defendant's counterclaims for return of a down payment, unanimously modified, on the law and in the exercise of discretion, to the extent of awarding plaintiff prejudgment interest on the $1.9 million unpaid cash portion of the purchase price at the statutory rate provided in CPLR 5004, from February 19, 1982 to June 7, 1983, and otherwise affirmed, without costs or disbursements. ¶ We agree with the findings by the

trial court that plaintiff acted expeditiously and within a reasonable time in effecting the removal of the tenant Premero Construction Corp., a condition precedent to the contract. However, under the circumstances of this case, we disagree with the court's refusal to award prejudgment interest. While the grant of interest in an equitable action is a matter of discretion (see *Bosco v Alicino,* 37 AD2d 552; *Shubert v Lawrence,* 27 AD2d 292, 297-298), we are in agreement that the circumstances of this case warranted that prejudgment interest be awarded. The refusal of defendant to proceed to closing in February, 1982 required the seller to retain the property in a non-income-producing state, most of the tenants having been removed in contemplation of the closing. As a result of the default, the seller received neither the income nor the $1.9 million portion of the purchase price which was to have been paid at closing. Under the circumstances, prejudgment interest on the unpaid cash balance should have been awarded to fully compensate the seller for the loss. Concur — Sullivan, J. P., Ross, Kassal and Alexander, JJ.