87 F.3d 614
 INDU CRAFT, INC.,
Plaintiff-Counterclaim-Defendant-Appellee-Cross-Appellant,
v.
BANK OF BARODA,
Defendant-Counterclaim-Plaintiff-Appellant-Cross-Appellee,
and
Krishnakant C. Chokshi, Defendant-Appellant-Cross-Appellee.
 Nos. 1176, 1348, Dockets 95-7865, 95-7965.
 United States Court of Appeals,
Second Circuit.
 Argued March 13, 1996.
Decided June 13, 1996.
As Amended July 9, 1996.
 
 Constance M. Boland, Nixon, Hargrave, Devans & Doyle, L.L.P., New York City (Kermitt J. Brooks, New York City, of counsel), for Defendant-Counterclaim-Plaintiff-Appellant-Cross-Appellee.
 Jonathan A. Chase, Briarcliff Manor, New York, for Plaintiff-Counterclaim-Defendant-Appellee-Cross-Appellant.
 Before CARDAMONE, WALKER, and McLAUGHLIN, Circuit Judges.
 WALKER, Circuit Judge:
 
 
 1
 Defendants Bank of Baroda ("Baroda"), a bank wholly-owned by the government of India, and its now retired officer, Krishnakant C. Chokshi, appeal from an order of the United States District Court for the Southern District of New York (Leonard Bernikow, Magistrate Judge ), denying Baroda interest and attorneys' fees. Plaintiff Indu Craft cross-appeals from the district court's award to Indu Craft of post-judgment interest from August 21, 1992 at the federal rate of 3.41%. We affirm.
 
 BACKGROUND
 
 2
 Nearly nine years ago, Indu Craft commenced this action to recover damages arising from Baroda's breach of its covenant of good faith and fair dealing implied in a loan agreement between the parties. The facts of this case are recited fully in our opinion on direct appeal, Indu Craft, Inc. v. Bank of Baroda, 47 F.3d 490 (2d Cir.1995), and in the district court's opinion from which the parties now appeal, Indu Craft, Inc. v. Bank of Baroda, 87 Civ. 7379, 1995 WL 479516 (S.D.N.Y. Aug.10, 1995). We briefly summarize those facts relevant to our disposition of the present issues on appeal.
 
 
 3
 Indu Craft, a New York corporation, was an importer and wholesale seller of sportswear throughout the United States. Indu Craft's relationship with Baroda began in 1983 when Indu Craft obtained a line of credit from Baroda. The line of credit was increased periodically. On December 15, 1986, Baroda made available to Indu Craft up to $2.7 million pursuant to a letter agreement. As security for the line of credit, Indu Craft executed a promissory note in favor of Baroda in the amount of $2.7 million that included provisions for interest on the outstanding amount as well as attorneys' fees in the event the bank retained counsel to enforce or collect on the note.
 
 
 4
 In March 1987, when Indu Craft refused to make an investment for the benefit of Chokshi's son, Baroda reduced the maximum amount of credit it was willing to extend to Indu Craft from $2.7 million to $2.3 million and effectively drove Indu Craft out of business. On October 15, 1987, Indu Craft commenced this action in which it alleged that Baroda and Chokshi reduced the line of credit in bad faith. Baroda counterclaimed for the amount due on the promissory note, approximately $1.7 million.
 
 
 5
 On August 12, 1992, following a four and one-half week jury trial before Magistrate Judge Bernikow, the plaintiff won a jury verdict of $3.25 million, consisting of $2 million on a breach of contract claim and $1.25 million on a tort claim. Because the jury found that Baroda's actions were taken in bad faith and wrongfully prevented Indu Craft from repaying the note, the jury did not award Baroda any recovery on its counterclaim. Judgment was entered accordingly on August 21, 1992. On December 17, 1993, however, Magistrate Judge Bernikow granted the defendants' post-trial motion for judgment as a matter of law, pursuant to Fed.R.Civ.P. 50 and dismissed the complaint. In addition, the district court denied Baroda's motion for judgment as a matter of law on the promissory note counterclaim.
 
 
 6
 On February 3, 1995, we reversed the district court, directed that Indu Craft's verdict be reinstated, and ordered that the amount due on the promissory note be offset from the amount of the jury verdict. Indu Craft, 47 F.3d 490. On remand, the district court reduced the jury verdict by the principal amount due on the promissory note and denied Baroda's application for interest and attorneys' fees. Indu Craft, 1995 WL 479516. The district court awarded prejudgment interest to Indu Craft on the net balance of the jury award remaining after deduction of Baroda's setoff. Judgment in the amount of $2,268,865.43 was entered on August 17, 1995. Thereafter, Indu Craft moved this court to recall the mandate, and on October 4, 1995, we directed the district court "to award post-judgment interest at the applicable federal rate from August 21, 1992, the date of the original judgment in the trial court." On October 19, 1995, an amended judgment in the amount of $2,519,822.29 was entered to include post-judgment interest from August 21, 1992 at the federal rate of 3.41%.[1] Both sides now appeal.
 
 DISCUSSION
 
 7
 The award of interest is generally within the discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. Commercial Union Assurance Co. v. Milken, 17 F.3d 608, 613 (2d Cir.), cert. denied, --- U.S. ----, 115 S.Ct. 198, 130 L.Ed.2d 130 (1994). With regard to prejudgment interest determinations, however, "New York law does not permit the trial court to exercise any discretion" where a party is entitled to such interest as a matter of right. United Bank Ltd. v. Cosmic Int'l, Inc., 542 F.2d 868, 878 (2d Cir.1976) (citations omitted).
 
 I. Bank of Baroda's Appeal
 
 8
 The primary issue on appeal is whether interest should have been added to the amount due to Baroda under the promissory note on its counterclaim before offsetting that amount against the award in favor of Indu Craft. Upon reinstating the $3.25 million jury verdict, the district court offset only the principal amount due on the promissory note. In doing so, the district court relied on the "interest on the balance" rule, which states that prejudgment interest should be awarded on the net balance of the jury verdict remaining after deduction of Baroda's setoff. See Indu Craft, 1995 WL 479516, at * 1; see also Manshul Constr. Corp. v. Dormitory Auth., 79 A.D.2d 383, 436 N.Y.S.2d 724, 727 (1st Dep't 1981).
 
 
 9
 The parties hotly contest the proper characterization of the award on appeal by this court to Baroda, which was realized as a setoff against Indu Craft's jury verdict. Baroda contends that because it prevailed on appeal for the amount due on the promissory note, it is entitled to interest as a matter of right under New York law. In opposition, Indu Craft claims that because the setoff was an equitable adjustment to Indu Craft's jury award, rather than a recovery on its breach of contract counterclaim, Baroda is not a "prevailing party" and thus was properly denied prejudgment interest.
 
 
 10
 Baroda's contention that it is entitled to an award of prejudgment interest as a party that has prevailed on a breach of contract claim is based on New York C.P.L.R. § 5001(a), which states:
 
 
 11
 Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion.
 
 
 12
 Section 5001(a) entitles a "prevailing party" to prejudgment interest as a matter of right. State v. Williams, 140 A.D.2d 836, 528 N.Y.S.2d 353, 353 (3d Dep't 1988); Delulio v. 320-57 Corp., 99 A.D.2d 253, 472 N.Y.S.2d 379, 381 (1st Dep't 1984). An award of prejudgment interest on an equitable claim is discretionary. Scheller v. Bowery Sav. Bank, 630 N.Y.S.2d 62, 64 (1st Dep't 1995); Margo Properties, Inc. v. Nelson, 99 A.D.2d 1029, 473 N.Y.S.2d 822, 823 (1st Dep't 1984).
 
 
 13
 Unable to explain why its $1.7 million award should be considered a recovery on its contract claim in light of the jury's verdict, rather than an equitable adjustment, Baroda is reduced to quoting our earlier holding that directed the magistrate judge to "grant[ ] the Bank's motion for judgment under its contract claim." Indu Craft, 47 F.3d at 498. Baroda mischaracterizes this court's holding, however, for in discussing the damage award, we stated:
 
 
 14
 We now consider the remaining issue, which is the denial of the Bank's motion for judgment as a matter of law on its $1.7 million contract claim after the jury returned a no cause for action against it. Under its line of credit Indu Craft owed the Bank approximately $1.7 million for which the Bank asserted a counterclaim. Plaintiff admits this amount was outstanding, but maintains the Bank's actions in driving it out of business prevented it from performing under the note and thereby excuse performance.
 
 
 15
 ....
 
 
 16
 While the parties have exerted much energy disputing the applicability of the prevention defense to the note, we are persuaded by a more compelling rationale urged by the Bank that judgment should have been granted. It is the purpose of damages under a breach of contract action to place the aggrieved party in the same economic position than it would have occupied absent the breach. Awarding Indu Craft the value of its business and at the same time relieving it from its obligation under the note actually place[d] Indu Craft in a better economic position than it would otherwise have occupied, a result the law disfavors. To avoid such a windfall and place Indu Craft in the position it would have been in but for the Bank's breach of contract, the debt under the note must be set off from the damages owed Indu Craft.
 
 
 17
 Id. at 497-98 (internal quotation and citations omitted).
 
 
 18
 It is plain that we did not disturb the jury's finding that Baroda's bad faith in reducing the credit line caused Indu Craft's inability to honor the promissory note. Rather, we allowed the setoff simply to avoid a windfall to Indu Craft. To that end, Baroda's reliance on Studiengesellschaft Kohle mbh v. Novamont Corp., 548 F.Supp. 234 (S.D.N.Y.1981), is unavailing, for in Novamont the district court found that the counterclaimant had a meritorious breach of contract claim. Id. at 235.
 
 
 19
 In sum, our direction to reduce Indu Craft's award by the amount of Baroda's counterclaim was based on equitable principles, and Baroda therefore does not have a right to prejudgment interest under New York C.P.L.R. § 5001(a). In addition, because Baroda is in no sense a prevailing party, the district court did not abuse its discretion in denying prejudgment interest.
 
 
 20
 Under a similar theory of recovery, Baroda also seeks an award of attorneys' fees under the loan agreement, which provides, "[i]f an attorney is used to enforce or collect this note, the undersigned shall be obligated to pay all costs and expenses of collection, including reasonable attorneys' fees." Baroda again relies on its assertion that it is a prevailing party, an argument that we have already rejected. As the party in breach, Baroda is not entitled to its attorneys' fees. See Nestor v. McDowell, 81 N.Y.2d 410, 599 N.Y.S.2d 507, 510, 615 N.E.2d 991 (1993).
 
 II. Indu Craft's Cross-Appeal
 
 21
 On cross-appeal, Indu Craft challenges several aspects of the district court's judgment. Indu Craft maintains that it is entitled to (1) interest on the full amount of Indu Craft's verdict before deduction of the amount of the equitable setoff, (2) additional post-verdict, prejudgment interest at 9% from the date of the original judgment (August 21, 1992) through the date the judgment was reinstated (October 19, 1995) pursuant to New York C.P.L.R. §§ 5002 and 5004, (3) post-judgment interest from October 19, 1995 at the rate applicable when the judgment was reinstated (5.62%) rather than at the rate applicable at the time of the original judgment (3.41%) pursuant to 28 U.S.C. § 1961, and (4) compound prejudgment interest. Although Baroda disputes each of these claims, it concedes that Indu Craft is entitled to the following interest amounts: (1) prejudgment interest at 9% under New York C.P.L.R. § 5001(a) from July 9, 1987 to August 12, 1992 (jury verdict); (2) post-verdict, prejudgment interest at 9% under New York C.P.L.R. § 5002 from August 12, 1992 to August 21, 1992 (original judgment); and (3) post-judgment interest at 3.41% under 28 U.S.C. § 1961 from August 21, 1992 (original judgment) through the present. We consider each claim in turn.
 
 
 22
 A. Interest to be calculated before the offset?
 
 
 23
 Indu Craft argues that the district court erred by deducting the amount of the setoff from Indu Craft's damages before computing Indu Craft's pre-verdict interest pursuant to New York C.P.L.R. § 5001. Indu Craft maintains that the application of the "interest on the balance" rule, in which the setoff was deducted from Indu Craft's award before the addition of pre-verdict interest, effectively granted Baroda pre-verdict interest on its $1.7 million equitable recovery at the statutory rate of 9%. According to Indu Craft, the application of the "interest on the balance" rule in this instance failed to take into account the equitable nature of Baroda's recovery, for this award was intended not to make Baroda "whole" but rather to avoid a windfall to Indu Craft.
 
 
 24
 As the district court noted, although New York cases have not used the phrase "interest on the balance rule," they generally have followed it. See, e.g., Manshul, 436 N.Y.S.2d at 727; Sloan v. Pinafore Homes, Inc., 38 A.D.2d 718, 329 N.Y.S.2d 420, 421 (2d Dep't 1972). Accordingly, the district court deducted Baroda's setoff and calculated interest on the balance. As in the usual case in which the rule is applied, in this case the plaintiff had use of the amount due under the note during the pendency of the litigation. Moreover, the setoff was directly related to the plaintiff's claim and was not collateral to it. See Ralston Purina Co. v. Parsons Feed & Farm Supply, Inc., 416 F.2d 207, 212 (8th Cir.1969). For these reasons, we conclude that the district court's calculation of interest on the amount after setoff was not so inequitable and so unfair that we are compelled to disturb it.
 
 B. Post-verdict, prejudgment interest
 
 25
 The award of post-judgment interest is mandatory under 28 U.S.C. § 1961. As the district court noted, the parties agree that Indu Craft is entitled to prejudgment interest for the period before this court's original judgment of August 21, 1992. Indu Craft now seeks an additional award of prejudgment interest for the period between the entry of the original judgment and the entry of the reinstated judgment. The determination of the date when post-judgment interest begins to accrue establishes, in turn, when prejudgment interest (which in this case is calculated at the substantially higher New York rate) ceases to accrue. In this case, more than three years elapsed between the original judgment, which was entered on August 21, 1992, and the reinstated judgment, which was entered on October 19, 1995.
 
 
 26
 In opposition to Indu Craft's request, Baroda principally argues that we previously denied this request on October 4, 1995, when we ruled on Indu Craft's motion to recall the mandate. Our original opinion contained no instructions to the district court concerning the award of post-judgment interest. Therefore, in the judgment of August 18, 1995, the district court only awarded Indu Craft prejudgment interest at 9% under New York law from July 9, 1987 to August 21, 1992, the date the original judgment was entered. On August 29, 1995, Indu Craft moved to recall the mandate "to add direction for interest." On October 4, 1995, we directed the district court--without opinion--to award Indu Craft "post-judgment interest at the applicable federal rate from August 21, 1992, the date of the original judgment."
 
 
 27
 Notwithstanding our earlier direction, Indu Craft urges us to consider the merits of its argument on the ground that the precise issue was not fully considered by the earlier panel on the motion to recall the mandate. See DeWeerth v. Baldinger, 38 F.3d 1266, 1271 (2d Cir.) (cannot presume that denial of motion to recall mandate constitutes comprehensive rejection on merits of arguments presented), cert. denied, --- U.S. ----, 115 S.Ct. 512, 130 L.Ed.2d 419 (1994). Even if we were to reconsider our earlier mandate, Indu Craft would fare no better. Although we have previously interpreted 28 U.S.C. § 1961 to require that interest run only from the date of the mandate issued from this court, see Powers v. New York Cent. R.R., 251 F.2d 813, 818 (2d Cir.1958), that interpretation of 28 U.S.C. § 1961 has been superseded by Fed.R.App.P. 37, Smith v. National R.R. Passenger Corp., 856 F.2d 467, 472-73 (2d Cir.1988), which states:
 
 
 28
 If a judgment is modified or reversed with a direction that a judgment for money be entered in the district court, the mandate shall contain instructions with respect to allowance of interest.
 
 
 29
 This rule "gives appellate courts discretion to decide the issue on a case-by-case basis." Smith, 856 F.2d at 473.
 
 
 30
 We reaffirm our earlier holding that post-judgment interest should run from the date of the original judgment. In Andrulonis v. United States, 26 F.3d 1224 (2d Cir.1994), we held that post-judgment interest is to commence from a judgment that is "ascertained in [a] meaningful way" and is "supported by the evidence." Id. at 1233 (citing Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 836, 110 S.Ct. 1570, 1576, 108 L.Ed.2d 842 (1990)). In this case, our reversal of the district court's grant of Baroda's motion for judgment as a matter of law does not change the fact that the judgment was ascertained in a meaningful sense on August 21, 1992, the date on which the original judgment was entered following the jury verdict.
 
 
 31
 Indu Craft's reliance on Kaiser, in which the Supreme Court held that post-judgment interest should accrue from the date of the reinstated judgment, is misplaced. 494 U.S. at 835, 110 S.Ct. at 1575. In Kaiser, the Supreme Court set the date for the commencement of post-judgment interest immediately after the later judgment rather than after the initial judgment, because the district court found that the first judgment was not supported by sufficient evidence on the issue of damages. See id. Unlike Kaiser, here we did not disturb the jury's factual findings on appeal and the original judgment was sufficiently substantiated by the evidence. We reaffirm our earlier directive that post-judgment interest runs from the date of the trial court's first judgment, August 21, 1992, on the principal sum provided in our mandate of February 3, 1995.
 
 C. Post-judgment interest rate
 
 32
 On October 19, 1995, the district court amended its earlier judgment to add post-judgment interest from August 21, 1992 at the federal rate of 3.41%. Indu Craft argues that because post-verdict, prejudgment interest should be awarded through the date of the reinstated judgment, post-judgment interest should properly be calculated at 5.62%, the rate applicable when the judgment was reinstated on October 19, 1995. Because we have determined above that post-judgment interest should be awarded commencing on August 21, 1992, the date of the original judgment, post-judgment interest was properly awarded from the date of the original judgment at a rate of 3.41% and post-verdict, prejudgment interest was appropriately awarded at the state rate of 9%, see New York C.P.L.R. §§ 5002 & 5004, for August 12, 1992 through August 21, 1992.
 
 D. Compound prejudgment interest
 
 33
 Finally, Indu Craft claims that it should have been awarded compound interest from July 9, 1987 through October 19, 1995 on the basis of the jury's finding that Baroda acted in bad faith. See Wilson v. Great Am. Indus., 763 F.Supp. 688, 691 (N.D.N.Y.1991), aff'd in part and rev'd in part on other grounds, 979 F.2d 924 (2d Cir.1992). This issue was not raised below, and we decline to disturb the district court's failure to award compound prejudgment interest.
 
 CONCLUSION
 
 34
 For the foregoing reasons, we affirm the judgment of the district court.
 
 
 
 [1]
 This figure is arrived at by adding the individual components of Indu Craft's recovery spelled out in the amended judgment. Although the judgment states a subtotal on Indu Craft's $1.25 million tort claim of $2,019,720.83, including interest, this number reflects a mathematical error in the amount of $10,000