239 F.3d 428 (2nd Cir. 2000)
 BANK OF INDIA, Plaintiff,
v.
TRENDI SPORTSWEAR, INC, Defendant,
TRENDI SPORTSWEAR, INC., Third-Party-Plaintiff-Appellant,
v.
INDU CRAFT, INC., Third-Party-Defendant,
INDU CRAFT, INC., Fourth-Party-Plaintiff-Appellant,
v.
BANK OF BARODA, Fourth-Party-Defendant-Appellee.
 Docket No. 00-7493
August Term, 2000
 UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
 Argued: October 26, 2000
Decided: December 27, 2000
 
 Appeal from a judgment entered in the United States District Court for the Southern District of New York (Martin, J.), including an order for summary judgment in favor of fourth-party-defendant-appellee, the court having found that fourth-party-plaintiff-appellant's cause of action was barred under the doctrine of res judicata because the claims asserted in the fourth-party complaint could have been pursued in an earlier action based on the same transaction or connected series of transactions.
 Vacated in part and remanded.
 JOHN D. D'ERCOLE, Robinson Brog Leinwand Greene Genovese & Gluck P.C., New York, NY, for third-party-defendant-fourth-party-plaintiff-appellant.
 CONSTANCE M. BOLAND, Nixon & Peabody, New York, NY, for fourth-party- defendant-appellee.
 Before: FEINBERG, MINER, and KATZMANN, Circuit Judges.
 MINER, Circuit Judge:
 Defendant-third-party-plaintiff-appellant Trendi Sportswear, Inc. ("Trendi") and third-party-defendant-fourth-party-plaintiff-appellant Indu-Craft, Inc. ("Indu-Craft") appeal from a final judgment entered on March 30, 2000, including an order granting summary judgment entered on September 14, 1998, in the United States District Court for the Southern District of New York (Martin, J.) in favor of fourth-party-defendant-appellee Bank of Baroda ("Baroda") and dismissing Indu-Craft's fourth-party complaint with prejudice.[1]
 
 
 1
 This litigation involves the interrelationship of two separate lawsuits, the first of which was commenced in 1987. Indu Craft sued Baroda in the 1987 action to recover damages incurred as a result of Baroda's misconduct in regard to a contractual arrangement that provided for Baroda to extend credit to Indu Craft for use in its business of importing clothing. In 1989, the Bank of India ("BOI") commenced an action against Trendi to recover for nonpayment on loans extended to Trendi. Subsequently, Trendi brought a third-party action against Indu Craft for indemnification, lost profits, and loss of business reputation stemming from Indu Craft's breach of its contract to supply Trendi with garments to sell in the United States. This breach allegedly caused Trendi to default on its financial obligations to BOI. Shortly thereafter, Indu Craft brought a fourth-party action against Baroda for indemnification. In that action, Indu Craft sought to pass on to Baroda any liability it might have to Trendi occasioned by the misconduct of Baroda that formed the basis for Indu Craft's 1987 suit. Indu Craft then moved to join Trendi or consolidate its fourth-party action with its 1987 lawsuit against Baroda, but the motion was denied. Indu Craft eventually obtained a judgment against Baroda in the 1987 suit; in the 1989 action (this case), BOI was granted summary judgment against Trendi; and Trendi obtained judgment against Indu Craft in bankruptcy court.
 
 
 2
 Ultimately, Baroda was granted summary judgment dismissing Indu Craft's claims in the fourth-party action on the grounds that that action was barred by the doctrine of res judicata. The district court found that Indu Craft's indemnification claims, asserted in its fourth-party cause of action, could have been, but were not, pursued in its 1987 action against Baroda. Specifically, the district court determined that Indu Craft's indemnification claims were based on the same transaction that gave rise to the 1987 action, and that Indu Craft's fourth-party action accordingly was barred.
 
 
 3
 For the reasons that follow, we vacate the judgment of the district court in part and remand for further proceedings consistent with this opinion.
 
 BACKGROUND
 
 4
 A more detailed account of the factual background underlying this litigation may be found in our previous decisions, see Indu Craft, Inc. v. Bank of Baroda, 47 F.3d 490 (2d Cir. 1995); Indu Craft, Inc. v. Bank of Baroda, 87 F.3d 614 (2d Cir. 1996), and those of the district courts, see Indu Craft, Inc. v. Bank of Baroda, No. 87 Civ. 7379, 1991 WL 107438 (S.D.N.Y. June 11, 1991); Indu Craft, Inc. v. Bank of Baroda, No. 87 Civ. 7379, 1993 WL 535116 (S.D.N.Y. Dec. 17, 1993); Indu Craft, Inc. v. Bank of Baroda, No. 87 Civ. 7379, 1995 WL 479516 (S.D.N.Y. Aug. 10, 1995); Bank of India v. Trendi Sportswear, Inc., No. 89 Civ. 5996, 1991 WL 12369 (S.D.N.Y. Jan. 29, 1991); and Bank of India v. Trendi Sportswear, Inc., No. 89 Civ. 5996, 1998 WL 614189 (S.D.N.Y. Sept. 14, 1998). We here review only the events relevant to a determination of this appeal.
 
 I. The Lawsuits
 A. The 1987 Action
 
 5
 Indu Craft, a New York corporation with its principal place of business in New York City, imported garments from several Asian countries and sold them to customers in the United States from 1982 to 1987. In order to import these garments, Indu Craft assured payment to its overseas manufacturers by arranging for letters of credit. Manufacturers exported the garments to Indu Craft only after verifying the issuance of these letters of credit. Baroda is a banking corporation organized under the laws of India with its principal place of business in India. It issued the letters of credit that enabled Indu Craft to conduct its importing business.
 
 
 6
 In February 1983, Baroda granted Indu Craft a $500,000 line of credit for use by Indu Craft in its business operations. This line of credit increased periodically over the next three years, reaching $2.7 million in December 1986, and also included a limit for total advances (i.e., overdraft) of $1.2 million. Baroda's extension of credit was secured by a security interest in Indu Craft's assets and the personal guarantee of Hemant C. Mehta, Indu Craft's principal. Over this period of time, Indu Craft was permitted to exceed its advance limits without consequence. Mehta primarily dealt with Krishnakant Chokshi, Executive Vice President of Baroda in charge of North American operations, in matters relating to the line of credit.
 
 
 7
 In November 1986, Chokshi approached Mehta with a business investment opportunity for the benefit of Chokshi's son, Anil. After evaluating this business opportunity, Mehta decided not to invest and informed Chokshi and Anil of his decision in February 1987. Shortly thereafter, Indu Craft received a letter dated March 30, 1987, from Baroda, informing Indu Craft that its line of credit had been reduced from $2.7 million to $2.3 million, and that its advance limit was reduced from $1.2 million to $1 million. In addition, substantial delays in the issuance of letters of credit occurred, and some of the requested letters of credit were not issued at all. These delays and refusals to issue new letters of credit hurt Indu Craft's business. Indu Craft's suppliers lost confidence in Indu Craft's creditworthiness and either stopped producing goods or delayed shipment of those goods. As a result, Indu Craft eventually ceased operations in November 1987.
 
 
 8
 On October 15, 1987, Indu Craft commenced a diversity action against Baroda and Chokshi in the United States District Court for the Southern District of New York (the "1987 Action"). The complaint included allegations: (1) that Baroda breached the covenant of good faith and fair dealing implied in the parties' revolving credit agreement; (2) that Baroda was liable for tortious interference with Indu Craft's contracts with its overseas manufacturers; and (3) that Baroda and Chokshi committed a prima facie tort by wrongfully reducing Indu Craft's line of credit as a result of Mehta's decision not to participate in Chokshi's proposed business investment opportunity. Baroda asserted five counterclaims, which included one for recovery of approximately $1.7 million that Indu Craft owed on a promissory note. The case was assigned to the Honorable Kevin J. Duffy.
 
 B. The BOI Action
 
 9
 Trendi is a corporation organized under the laws of New York with its principal place of business in New York City. It is a wholesale importer of garments from India and the Far East for sale in the United States. BOI is a banking corporation incorporated in India with its principal place of business in Bombay, India, and is licensed to do business in New York.[2]
 
 
 10
 In December 1985, BOI and Trendi entered into an agreement whereby BOI would extend credit facilities in the form of letters of credit and import trust receipts to Trendi in connection with Trendi's importation of merchandise from India and the Far East into the United States. Initially, credit facilities were established for the maximum amount of $500,000, but BOI would enhance the limits of Trendi's credit facilities from time to time. In connection with the extension of these credit facilities, Trendi executed a Demand Promissory Note (the "Note") and a General Security Agreement on December 5, 1985, both in the amount of $500,000.
 
 
 11
 At some point in 1987, Indu Craft contracted with Trendi to supply Trendi with garments for shipment to the United States.[3] However, beginning in May 1987, Indu Craft supplied those goods late or failed to supply any goods due to its difficulties with Baroda. As a result, Trendi was unable to import garments it had ordered, rendering it unable to meet its projected sales, and forcing it to sell the garments received late at a reduced price. BOI, however, continued to make payments on the credit facilities extended on Trendi's behalf during the period December 1987 to September 1988. After repeated requests for repayment had been ignored by Trendi over the next several months, in a letter dated July 17, 1989, BOI finally demanded immediate payment on all of the outstanding credit facilities. Trendi was unable to meet the demand.
 
 
 12
 On September 8, 1989, BOI commenced a diversity action in the United States District Court for the Southern District of New York against Trendi (the "BOI Action"), alleging two claims for relief: first, BOI sought payment on the Note in the amount of $500,000, plus interest; and second, BOI demanded recovery in the amount of $1,844,895.19, plus interest, for Trendi's default on other credit facilities extended by BOI. The case was assigned to the Honorable John S. Martin, Jr.
 
 
 13
 After filing its Answer on May 4, 1990,[4] Trendi brought a third-party action on May 14, 1990 against Indu Craft, alleging that in May 1987, Indu Craft breached its contract to supply goods to Trendi by failing to deliver, or delivering goods late to Trendi, resulting in significant losses for Trendi. Count I of the third-party complaint asserted that "[i]f Trendi is adjudged liable to plaintiff Bank of India in this action, it will have suffered damages, as a direct and proximate result of Indu Craft's breach of contract equal to the amount of such judgment . . . ." In Count II, Trendi sought lost profit damages in the amount of $2,818,640.66, and in Count III it sought recovery in the amount of $2,300,000.00 for loss of its business reputation and goodwill, both of which were "a direct and proximate result of Indu Craft's breach of contract."
 
 
 14
 Subsequently, Indu Craft filed a fourth-party complaint against Baroda on June 21, 1990. All four counts in that complaint sought indemnity damages against Baroda if Indu Craft was adjudged liable to Trendi. Specifically, Count I sought indemnity damages as a result of Baroda's tortious interference with the contract in which "Baroda wrongfully, maliciously, without justification and/or in bad faith curtailed, limited, abridged and/or terminated certain credit privileges which Indu Craft had established over a period of years with Baroda and upon the continuation of which Indu Craft justifiably relied in placing orders with overseas manufacturers for goods ordered from Indu Craft by Trendi and of which . . . Baroda had actual or constructive knowledge." Count II sought indemnity damages for Baroda's breach of its contract with Indu Craft. Count III sought indemnity damages if Indu Craft was adjudged liable to Trendi for lost profits. Count IV sought indemnity if Indu Craft was adjudged liable to Trendi for loss of its business reputation and goodwill as a direct and proximate result of Baroda's conduct.[5]
 
 II. Subsequent Proceedings
 
 15
 A. Baroda's Motion to Dismiss, Stay or Strike the Fourth-Party Complaint
 
 
 16
 On August 10, 1990, Baroda moved to dismiss or stay the fourth-party complaint without answering, based on the pendency of the 1987 Action, or alternatively, to strike that complaint as an improper impleader under Federal Rule of Civil Procedure 14(a). In support of its motion, Baroda argued that both the fourth party action and the pending 1987 Action involved "virtually the same parties, . . . arise out of the same facts and circumstances, . . . [and] involve the same claims," and that Indu Craft would not be prejudiced by dismissing or staying the fourth party action pending resolution of the 1987 Action. Alternatively, Baroda argued that the fourth party complaint was not a proper impleader complaint under Rule 14 because "Indu Craft's fourth-party claim against [Baroda] in the [BOI Action] is not dependent on, or derivative of, BOI's main claim against Trendi or Trendi's third-party claim against Indu Craft."
 
 
 17
 In response, Indu Craft, on September 17, 1990, cross-moved to sever the fourth party action and to consolidate it with the pending 1987 Action. In support of its motion to sever and consolidate, Indu Craft asserted that while the "liability aspects of the fourth-party claims . . . are essentially identical to those in the [1987 Action], the damages claimed [in the fourth-party action] are entirely distinct from those it has previously claimed against Baroda in the [1987 Action]." In addition, Indu Craft asserted that the third-party claims asserted by Trendi could not "possibly be adjudicated in the [1987 Action] absent the consolidation . . . sought by Indu Craft."
 
 
 18
 Judge Martin heard oral argument on these motions on October 5, 1990. He thereafter stayed the fourth-party action pending resolution of the 1987 Action. He explained that, in the event of an adverse decision by Judge Duffy in the 1987 Action, Indu Craft would be "gone" in the BOI Action. However, Judge Martin did not address Baroda's motion to dismiss or to strike the fourth-party complaint. In addition, with respect to Indu Craft's motion to sever and consolidate its fourth-party action, Judge Martin referred Indu Craft to Judge Duffy, stating that "[y]ou should be telling [Judge Duffy] that he should take these [Trendi] damages into consideration in his case."
 
 B. Summary Judgment for BOI
 
 19
 On October 31, 1990, BOI moved for summary judgment against Trendi on the claims stated in the BOI Action. Judge Martin granted summary judgment in favor of BOI, see Bank of India, 1991 WL 12369, at *2, and awarded damages in the amount of $1,844,895.19, plus interest in the amount of $400,000, in a judgment entered on April 24, 1991.
 
 
 20
 C. Indu Craft Moves to Join Trendi in the 1987 Action
 
 
 21
 Shortly thereafter, on December 10, 1990, Indu Craft moved pursuant to Federal Rule of Civil Procedure 19(a) to join Trendi as a necessary party-plaintiff in the 1987 Action on the grounds that complete relief could not be afforded without such joinder.[6] Indu Craft argued that joinder of Trendi was necessary because Baroda would be exposed to a subsequent lawsuit by Indu Craft for indemnification for damages claimed by Trendi for Indu Craft's failure to timely supply Trendi with goods which Indu Craft was prevented from importing as a result of Baroda's wrongful and tortious conduct in terminating Indu Craft's line of credit. Baroda opposed joining Trendi because adding Trendi "would introduce new issues, would require additional, repetitious, time consuming and costly discovery and would unnecessarily delay resolution of the case." In a memorandum and order dated June 7, 1991, Judge Duffy denied Indu Craft's motion to join Trendi as a necessary party, concluding that "adding Trendi at this point serves no function but to further complicate an action which is already unnecessarily complicated as it stands today." Indu Craft, 1991 WL 107438, at *1 n. 2. Judge Duffy's decision was also based in part on the fact that Trendi and Indu Craft were both wholly owned by Mehta, and thus for Trendi to sue Indu Craft would be the equivalent of the "right pocket suing the left pocket." Id. However, Judge Duffy reinstated Indu Craft's three claims for relief because Indu Craft had "demonstrated a present ability to sustain its burden of proof as to the existence and quantum of its damages." Id. at *3. Judge Duffy then ordered discovery closed and that the case proceed to trial.[7] See id. at *5. The trial was then scheduled to start in July 1992 before Magistrate Judge Leonard Bernikow.
 
 
 22
 D. Baroda Moves In Limine To Bar Indu Craft From Introducing Evidence of Trendi Damages in the 1987 Action
 
 
 23
 Before the start of the trial in the 1987 Action, Baroda, on July 8, 1992, moved in limine to exclude Indu Craft from introducing any evidence of Trendi damages at trial. Baroda argued that evidence of Trendi damages in the 1987 Action jury trial was inappropriate principally because Trendi was not a party to the 1987 Action and "[i]t is axiomatic that only a party to an action can recover damages." Magistrate Judge Bernikow granted Baroda's motion and disallowed evidence of Trendi damages in part because Trendi was not a party to the 1987 Action. However, the magistrate judge did grant Indu Craft the right to present evidence of Trendi damages on rebuttal in the event that Baroda attempted to establish that Indu Craft did not suffer any damages because some of its orders were filled by Trendi. Baroda never introduced any such evidence.
 
 
 24
 III. The Jury Verdict and Dismissal of the Fourth-Party Action
 
 
 25
 A jury trial in the 1987 Action took place from July 13, 1992 to August 12, 1992. The jury awarded Indu Craft $3.25 million and decided against Baroda on its counterclaim for $1.7 million. The magistrate judge then vacated the jury's verdict in favor of Indu Craft and denied Baroda's motion for judgment as a matter of law on its counterclaim in an order dated December 17, 1993. We reinstated that verdict on February 3, 1995, with instructions to offset the award by the amount of the counterclaim. See Indu Craft, 47 F.3d at 498. A final amended judgment in the amount of $2,519,822.29 was entered in favor of Indu Craft on October 19, 1995. We affirmed. See Indu Craft, 87 F.3d at 614.
 
 
 26
 On December 2, 1997, pursuant to Indu Craft's letter request, Judge Martin lifted the stay that he had previously ordered on October 5, 1990. Thereafter, Baroda moved for summary judgment on January 21, 1998, arguing that the judgment in the 1987 Action was res judicata as to Indu Craft's fourth-party complaint filed in the BOI Action. In an opinion and order entered September 14, 1998, Judge Martin granted Baroda's motion because Indu Craft's alleged indemnity claims could have and should have been litigated in the 1987 Action because the claims "arose from the same transaction - [Baroda's] wrongful reduction or cancellation of Indu Craft's credit line." Bank of India, 1998 WL 614189, at *1. In addition, Judge Martin rejected Indu Craft's argument that its indemnification claims were different from its claims in the 1987 Action because the indemnification claims could not have been alleged in the first action until resolution of the third-party action between Indu Craft and Trendi. He reasoned that Indu Craft could have obtained a conditional judgment against Baroda on its indemnification claims. See id. Judge Martin also thought that Indu Craft's fourth-party claims were properly viewed as additional elements of contract damages (i.e., Trendi damages) rather than as a separate claim for indemnification. See id. at *2. Accordingly, Indu Craft's failure to assert Trendi damages as part of its contract damages in the 1987 Action precluded Indu Craft from recovering those damages in the fourth-party action. See id.
 
 
 27
 Furthermore, Judge Martin rejected Indu Craft's assertion that Baroda must be estopped from asserting res judicata because: (1) although Baroda opposed Indu Craft's motion to sever and consolidate the fourth-party claims with the 1987 Action, Baroda also asserted that the fourth-party action should be dismissed because it was properly part of the 1987 Action, see id. at *3; and (2) although Baroda successfully precluded Indu Craft from presenting evidence of Trendi damages in the 1987 Action, Indu Craft never argued that the purpose of introducing that evidence was to show that Baroda was liable to Indu Craft for the amount of damages that Indu Craft was obligated to pay Trendi, and therefore Baroda had no opportunity to oppose the argument, see id.
 
 IV. The Appeal
 
 28
 Indu Craft initially filed a notice of appeal from Judge Martin's September 14, 1998 order on October 13, 1998, but withdrew that notice because final judgment had not been entered in the BOI Action. In October 1998, the only portion of the BOI Action awaiting resolution was the third-party action between Trendi and Indu Craft. As stated earlier, Trendi was adjudged liable to BOI as a result of Judge Martin's order granting summary judgment in favor of BOI in the amount of $2,244,895.19. Indu Craft had been awarded final judgment against Baroda in the 1987 Action in the sum of $2,519,822.29 on October 19, 1995. Indu Craft filed for bankruptcy on July 25, 1997, after Baroda made payment in full to the clerk of the court in an interest bearing account rather than paying Indu Craft directly.[8]
 
 
 29
 As a result, Trendi pursued recovery from Indu Craft in the United States Bankruptcy Court for the Southern District of New York. On July 12, 1999, the bankruptcy court (Gallet, Bankr. J.) entered a final judgment in favor of Trendi in the amount of $21,101,348.47, the exact amount Trendi sought in its third-party complaint. Indu Craft did not appeal that judgment. Final judgment was entered in the BOI Action on March 30, 2000.
 
 
 30
 On April 24, 2000, Indu Craft appealed from the judgment entered March 30, 2000, including the order for summary judgment entered September 14, 1998 dismissing Indu Craft's fourth-party complaint. On May 1, 2000, Trendi filed a separate notice of appeal from the same judgment, including the same order for summary judgment. On June 28, 2000, Baroda moved to dismiss Trendi's appeal on the ground that Trendi lacked standing to appeal the order in the fourth-party action. On July 6, 2000, Baroda moved to strike Trendi's appellate brief. Trendi cross-moved to consolidate both appeals.
 
 
 31
 By Mandate issued on September 27, 2000, another panel of this court ordered that Trendi's appeal be dismissed because Trendi lacked standing to appeal in this case. Subsequently, Trendi's counsel wrote to this court asking that we "set aside" the "Order dismissing Trendi's appeal and [withdraw] the Mandate of September 27, 2000," so that Trendi may be heard in the instant appeal. Baroda responded by letter dated November 9, 2000, asking that we not consider Trendi's request because Trendi did not seek leave of this Court to file such a letter. This appeal followed.[9]
 
 DISCUSSION
 I. Subject Matter Jurisdiction
 
 32
 Baroda argues on appeal that we lack subject matter jurisdiction to hear this appeal because Rule 14 of the Federal Rules of Civil Procedure cannot confer subject matter jurisdiction on this Court. Baroda asserts that Rule 14 is only a procedural device and thus that there must be an independent basis for subject matter jurisdiction over the fourth-party action. Baroda first asserts that we lack subject matter jurisdiction over the fourth-party cause of action because we lack subject matter jurisdiction over the third-party cause of action, and without a third-party action, there can be no subject matter jurisdiction over the fourth-party action.
 
 
 33
 Questions of subject matter jurisdiction are legal questions that we review de novo. See Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 701 (2d Cir. 2000). At the time the third-party and fourth-party actions were filed, May 14, 1990, and June 21, 1990, respectively, subject matter jurisdiction could have been invoked only on the basis of federal question jurisdiction, diversity of citizenship jurisdiction, or ancillary jurisdiction.[10] It is undisputable that we may exercise subject matter jurisdiction over the fourth-party cause of action based on diversity of citizenship because the fourth-party plaintiff, Indu Craft, is a New York corporation with its principal place of business in New York, and the fourth-party defendant Baroda, is a corporation organized under the laws of India, with its principal place of business in Bombay, India, and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. However, the same cannot be said with respect to the third-party cause of action because both third-party plaintiff Trendi and third-party defendant Indu Craft are New York corporations. Nevertheless, subject matter jurisdiction exists over the third-party cause of action based on ancillary jurisdiction, and therefore jurisdiction may be exercised over both the third-party and fourth-party actions.
 
 
 34
 "Ancillary and pendent jurisdiction refer to the power of a federal court, once it acquires jurisdiction over a case and controversy properly before it, to adjudicate other claims sufficiently closely related to the main claim even though there is no independent basis for subject matter jurisdiction over the related claims." Baylis v. Marriott Corp., 843 F.2d 658, 663 (2d Cir. 1988). Ancillary and pendent jurisdiction are related, but distinct, concepts. "Whereas ancillary jurisdiction involves claims made by parties other than the plaintiff which have no independent subject matter jurisdictional basis, pendent jurisdiction, as recognized by the now-familiar case of United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966), involves claims asserted by the plaintiff which have no independent jurisdictional basis." Aetna Cas. & Sur. Co. v. Spartan Mechanical Corp., 738 F. Supp. 664, 668 (E.D.N.Y. 1990); see also Baylis, 843 F.2d at 663-64.
 
 
 35
 It is well-settled that a third-party action for indemnification comes within a court's ancillary jurisdiction. See Oneida County v. Oneida Indian Nation, 470 U.S. 226, 251 (1985) (citing Owen Equip. & Erection v. Kroger, 437 U.S. 365 (1978)); see also 6 Wright, Miller, and Kane, Federal Practice and Procedure § 1444 at pp. 320-27 (2d ed. 1990). Initially, we note that neither party disputes that the basic requirements for ancillary jurisdiction are satisfied in this case. See Kroger, 437 U.S. at 374-77 (explaining that the main claim and the third-party claim must arise from a "common nucleus of operative facts" and that the posture in which the third-party claim is asserted be considered); see also Van-Tulco, 866 F. Supp. at 689. Instead, Baroda argues that the Supreme Court's most recent opinion with respect to ancillary and pendent federal jurisdiction, Finley v. United States, 490 U.S. 545 (1989), precludes the exercise of ancillary jurisdiction over the third-party impleader action for indemnification found here. We disagree.
 
 
 36
 Following the Supreme Court's ruling in Finley, there was some uncertainty as to the continued viability of established practices in regard to third-party ancillary jurisdiction because of sweeping language found in dicta in that opinion. See, e.g., 6 Wright, Miller, and Kane § 1444 at pp. 328-29 (citing cases). However, our decision in Associated Dry Goods Corp. v. Towers Financial Corp., 920 F.2d 1121 (2d Cir. 1990), addressed this uncertainty and concluded that "[a]lthough Finley circumscribed pendent party jurisdiction, . . . the Court's language in Finley did not signal a retreat from established third-party practices." Id. at 1125. Associated Dry Goods specifically held that Finley did not bar the district court from exercising ancillary jurisdiction over a compulsory counterclaim, see 920 F.2d at 1126, and supports the conclusion that a court may exercise ancillary jurisdiction over third-party actions for indemnification. See id. at 1125-26 (following Huberman v. Duane Fellows, Inc., 725 F. Supp. 204, 205-07 (S.D.N.Y. 1989), which limited Finley to pendent party claims and concluded that a third-party action for indemnification was properly within its ancillary jurisdiction); United States v. Microstar, Inc., No. 87 3210, 1991 WL 144223, *2 (E.D.N.Y. July 19, 1991) (following Associated Dry Goods and permitting third-party cause of action for indemnification); see also Washington Hos. Ctr. Nat'l Rehabilitation Hos. v. Collier, 947 F.2d 1498, 1501 (D.C. Cir. 1991) (concluding that district court had ancillary jurisdiction over third-party action).[11] Therefore, we conclude that we have ancillary jurisdiction over the third-party cause of action, and therefore have subject matter jurisdiction over both the third-party and fourth-party actions.
 
 
 37
 Baroda also argues that the fourth-party cause of action is not a proper impleader action in that the fourth-party claims are not dependent on or derivative of the outcome of Trendi's breach of contract claims against Indu Craft in the third-party action or BOI's breach of contract claims against Trendi in the main action. As explained more fully below, Baroda's argument in this regard invites this Court to assess the propriety, and ultimately the merits, of Indu Craft's third-party impleader action in the context of a challenge to subject matter jurisdiction. We decline the invitation.
 
 
 38
 Generally, Rule 14(a) permits a defending party to implead another "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed R. Civ. P. 14(a); see also Telecom Int'l Am. Ltd. v. AT&T Corp., No. 96 Civ. 1366, 1999 WL 777954, at *4 (S.D.N.Y. Sept. 30, 1999). To sustain an impleader action, the third-party defendant, or in this case, the fourth-party defendant "must be liable secondarily to the original defendant, or that the third party [or fourth party] must necessarily be liable over to the defendant [or third-party defendant] for all or part of the plaintiff's [or third-party plaintiff's] recovery, or that the defendant [or third-party defendant] must attempt to pass on to the third party [or fourth party] all or part of the liability asserted against the defendant [or third-party defendant]." Van-Tulco, 866 F. Supp. at 686 (internal quotation marks omitted); Wright, Miller & Kane, Federal Practice and Procedure § 1446 (1990); see also Telecom Int'l, 1999 WL 777954, at *4. This means that the impleader action must be dependent on, or derivative of, the main or third-party claim. See Van-Tulco, 866 F. Supp. at 686; Telecom Int'l, 1999 WL 777954, at *4.
 
 
 39
 However, whether a court has subject matter jurisdiction over a third-party or in this case, a fourth-party cause of action, is distinct from an assessment of the propriety and merits of an impleader action. See, e.g., Telecom Int'l, 1999 WL 777954, at *4 (stating that "Rule 14(a) . . . provides only the procedural mechanism for impleader; the substantive merit of the action depends on the federal or state theory of contribution, indemnity, or any other theory found in the third-party complaint") (citation omitted); Van-Tulco, 866 F. Supp. at 686 (analyzing the propriety of a third-party action separately from the issue of subject matter jurisdiction over the third-party action); see also Providers Fidelity Life Ins. Co. v. Tidewater Group, Inc. (In re Tidewater Group, Inc.), 63 B.R. 670, 674 (Bankr. N.D. Ga. 1986) (stating that "whether or not [a party] was a proper party to implead has nothing to do with whether subject matter jurisdiction exists").
 
 
 40
 Here, Indu Craft's fourth-party cause of action seeks to pass on to Baroda any liability that it may have to Trendi. Baroda's challenge to the fourth-party action in this appeal asserts that Indu Craft's fourth-party complaint is not dependent on or derivative of the third-party action or the main action. More specifically, Baroda avers that the holding of the court in the third-party action does not render Baroda liable to Trendi or render it liable to BOI, and therefore that the fourth-party action is not proper. However, this argument goes to the propriety and merits of Indu Craft's fourth-party action and is not relevant to the issue of subject matter jurisdiction. Because we have already concluded that the requirements for subject matter jurisdiction have been satisfied as to the third-party and fourth-party actions, we need not address the propriety of Indu Craft's impleader action in the instant appeal to assess whether we have subject matter jurisdiction over Indu Craft's fourth-party action. Whether impleader under Rule 14(a) was properly invoked by Indu Craft in the fourth-party action is a matter to be determined in the discretion of the district court. See, e.g., Kenneth Leventhal & Co. v. Joyner Wholesale Co., 736 F.2d 29, 31 (2d Cir. 1984) ("The decision whether to permit a defendant to implead a [fourth] party defendant rests in the trial court's discretion.") We leave it to that court in the first instance to make that determination.[12]
 
 II. Res Judicata
 
 41
 We review de novo a district court's application of the principles of res judicata. See Boguslavsky v. South Richmond Sec., Inc., 225 F.3d 127, 129-30 (2d Cir. 2000); Valley Disposal, Inc. v.Central Vt. Solid Waste Mgmt. Dist., 31 F.3d 89, 93 (2d Cir. 1994).
 
 
 42
 The district court concluded that Indu Craft was barred from bringing its fourth-party action to recover for damages arising out of its liability to Trendi (i.e., Trendi damages) because it could have brought that claim as part of the 1987 Action. Indu Craft asserts on appeal that even if Indu Craft were required to litigate its liability to Trendi in the 1987 Action, it was unable to do so despite its repeated efforts. Accordingly, Indu Craft argues that "under no circumstances can it be said that Indu Craft had a full and fair opportunity to litigate its liability to Trendi in any court." We agree.
 
 
 43
 "Under the doctrine of res judicata, or claim preclusion, [a] final adjudication on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir. 2000) (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)) (internal quotation marks omitted) (alteration in original); Leather v. Eyck, 180 F.3d 420, 424 (2d Cir. 1999) (quoting Rivet v. Regions Bank of La., 522 U.S. 470, 476 (1998)); see also S.E.C. v. First Jersey Sec., Inc., 101 F.3d 1450, 1463 (2d Cir. 1996). Said differently, "upon a final judgment on the merits, parties to a suit are barred[] as to every matter that was offered and received to sustain or defeat a cause of action, as well as to any other matter that the parties had a full and fair opportunity to offer for that purpose." Manhattan Eye Ear & Throat Hosp. v. NLRB, 942 F.2d 151, 155-56 (2d Cir. 1992) (citing Montana v. United States, 440 U.S. 147, 153 (1979)) (emphasis added); see also Jay Carlisle, Second Circuit 1999-2000 Res Judicata Developments, 20 Quinnipiac L. Rev. 1 (2000).
 
 
 44
 In the instant case, Indu Craft cannot be precluded under the doctrine of res judicata from litigating its claim for Trendi damages because it was never afforded the full and fair opportunity to do so in the 1987 Action and therefore never "could have raised" that claim. See, e.g., St. Pierre, 208 F.3d at 399. Indu Craft cross-moved to sever the fourth-party action in the BOI Action and consolidate it with the pending 1987 Action as part of Baroda's motion to dismiss, stay, or strike the fourth-party action. However, Judge Martin did not address the merits of Indu Craft's motion and instead instructed the parties to pursue Indu Craft's potential liability to Trendi in the 1987 Action. On December 10, 1990, shortly after Judge Martin's decision, Indu Craft moved to join Trendi as a necessary party-plaintiff to the 1987 Action, but Judge Duffy denied that motion. Subsequently, Indu Craft was barred from presenting evidence of Trendi damages in the 1987 Action after Baroda successfully moved in limine to bar any such evidence on the ground that Trendi was not a party to the 1987 Action. On these facts, Indu Craft reasonably concluded that it had been stopped from pursuing its potential liability to Trendi in the 1987 Action and therefore could not have pursued that claim in the 1987 Action.
 
 
 45
 Baroda nevertheless argues that res judicata bars Indu Craft's fourth-party claims because those claims are virtually identical to its claims in the 1987 Action, and could have been brought there. Baroda asserts that Saud v. Bank of New York, 734 F. Supp. 628 (S.D.N.Y. 1990), aff'd, 929 F.2d 916 (2d Cir. 1991), is controlling in this regard and mandates a conclusion that Indu Craft's fourth-party action is barred by res judicata. We disagree. Saud is readily distinguishable from the instant case in that the party barred under the doctrine of res judicata in that case never attempted to make the claim that was subsequently barred, despite having the opportunity to do so. Here, by contrast, Indu Craft attempted to litigate its claim for Trendi damages in the 1987 Action but was never afforded the full and fair opportunity to do so.
 
 
 46
 Baroda also argues that Indu Craft could have obtained a conditional judgment against Baroda in the 1987 Action if Indu Craft believed it had a valid indemnification claim, and by not doing so, is barred under the doctrine of res judicata. We disagree. While Indu Craft could have sought a conditional judgment against Baroda in the 1987 Action as Judge Martin suggested it could, see Bank of India, 1998 WL 614189, at *1 (citing Gomez v. Preferred Rentals, No. 96 Civ. 2725, 1997 WL 749389, at *8 (S.D.N.Y. Dec. 3, 1997) and McCabe v. Queensboro Farm Prods., Inc., 22 N.Y.2d 204, 208 (1968)), we have uncovered no authority requiring a party to obtain a conditional judgment for the purpose of avoiding the preclusive effect of res judicata.
 
 
 47
 Accordingly, we disagree with the district court that Indu Craft's fourth-party cause of action was barred under the doctrine of res judicata because we find that Indu Craft was never afforded an opportunity to litigate its claim for Trendi damages in the 1987 Action, and therefore could not have possibly brought that claim in the 1987 Action. We have considered Baroda's other arguments and find them to be without merit.
 
 CONCLUSION
 
 48
 In accordance with the foregoing, the judgment of the district court is vacated to the extent that it provides for summary judgment in favor of Baroda in the fourth-party action, and the case is remanded for further proceedings consistent with this opinion.
 
 
 
 Notes:
 
 
 [1]
 A September 27, 2000 Mandate of another panel of this court dismissed Trendi's appeal, and as a result, Trendi is no longer a party to this appeal.
 
 
 [2]
 BOI and Baroda are sister banks. Both are owned, operated, and controlled by the government of India.
 
 
 [3]
 During the relevant times in this case, both Trendi and Indu Craft were owned by Mehta, and Indu Craft's only customer during the relevant period of time was Trendi. According to Mehta, Trendi was Indu Craft's "selling arm."
 
 
 [4]
 Although BOI's complaint was filed in September 1989, the complaint was served through the Secretary of State and sent to the wrong address. Trendi did not discover the existence of BOI's suit against it until January 1990, despite its involvement in negotiations with BOI for new credit facilities.
 
 
 [5]
 At the time Indu Craft filed its fourth-party complaint, Indu Craft's complaint against Baroda in the 1987 Action had been dismissed. On September 1, 1989, Baroda had moved for partial summary judgment against Indu Craft on its three causes of action on the grounds that Indu Craft had failed to set forth any evidence of damages. On December 15, 1989, Judge Duffy agreed with Baroda and granted partial summary judgment in favor of Baroda (which he later vacated) thereby dismissing Indu Craft's claims in the 1987 Action. However, Baroda's counterclaims were not the subject of that motion and accordingly remained viable.
 
 
 [6]
 Previously, on April 5, 1990, Baroda had brought a motion for summary judgment on two of its five counterclaims in the 1987 Action and for dismissal of its other three. Indu Craft also had cross-moved to reinstate its claims that Judge Duffy had previously dismissed. All three of these motions remained before Judge Duffy in addition to Indu Craft's motion to join Trendi.
 
 
 [7]
 Baroda's motion for summary judgment on its counterclaims was denied.
 
 
 [8]
 On June 17, 1996, Baroda had moved to make payment of the proceeds of the judgment in the 1987 Action into the court registry rather than to Indu Craft directly because of a pending interpleader action. Baroda made that payment to the clerk of the court in full satisfaction of the judgment in the 1987 Action on July 31, 1996. Indu Craft, in its brief, alleges that Baroda commenced the interpleader action to avoid direct payment to Indu Craft, and that Indu Craft's bankruptcy was the ultimate result.
 
 
 [9]
 As an initial matter, we decline to set aside an order of another panel of this Court that dismissed Trendi's appeal on the grounds that it lacked standing to appeal. Accordingly, we only address the merits of Indu Craft's appeal. We also note that we need not consider the merits of Trendi's appeal in any event because its notice of appeal was filed more than 30 days after entry of final judgment in the BOI Action. See Fed. R. App. P. 4(a)(1); see also Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978); Martinez v. Hoke, 38 F.3d 655, 656 (2d Cir. 1994).
 
 
 [10]
 The current rule relating to supplemental jurisdiction, 28 U.S.C. § 1367, is inapplicable because it only applies to actions commenced "on or after the date of enactment of this Act" which was December 1, 1990. See 28 U.S.C. § 1367 Practice Commentary Effective Date; see also International Paving Sys., Inc. v. Van-Tulco, Inc., 866 F. Supp. 682, 688 n.3 (E.D.N.Y. 1994).
 
 
 [11]
 Prior to our decision in Associated Dry Goods, some district courts in this circuit declined to exercise ancillary jurisdiction over impleaded third-party defendants based on their interpretation of Finley. See, e.g., O & K Trojan, Inc. v. Municipal & Contractors Equip. Corp., 751 F. Supp. 431 (S.D.N.Y. 1990); Aetna Cas. & Sur. Co., 738 F. Supp. at 664. However, those cases were effectively overruled by our decision in Associated Dry Goods.
 
 
 [12]
 The issue, first presented to the district court in a motion made in 1990, remains unresolved.