■ In the Matter of the Arbitration between SOUTH ORANGETOWN CENTRAL SCHOOL DISTRICT, Respondent, and CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Appellant.—Mahoney, P. J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Meehan, J.), entered April 24, 1990 in Rockland County, which, *inter alia,* granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

On June 27, 1985, petitioner entered into a collective bargaining agreement with the South Orangetown Custodians and Bus Drivers Association for a three-year period, July 1, 1985 to June 30, 1988. During the contract period respondent was certified as bargaining agent for the association.

On August 18, 1989 petitioner and respondent reached a tentative agreement for contract renewal subject to ratification by the contracting parties. The agreement covered the period from July 1, 1988 to June 30, 1991. On September 1, 1989, petitioner received a grievance alleging that it violated specific articles of the prior agreement which by operation of law continued in effect beyond its expiration date pending ratification by the parties of the successor agreement.

After a denial of the grievance, respondent appealed to petitioner's Superintendent by letter stating that "[t]he attached grievance is being submitted under grievance procedure 33 'C', # 1", a reference to the contract provision governing the submission and determination of grievances under the expired contract. A related provision stated that after submission to him, "The Supt. will render a binding decision within 30 days." The expired contract had no provision for arbitration.

On October 2, 1989 respondent filed a demand for arbitration. On October 10, 1989 petitioner's Superintendent denied the grievance in writing. On that same date the Board of Education ratified the new collective bargaining agreement. The new agreement, unlike its predecessor, contained an arbitration clause.

On October 19, 1989 petitioner commenced a proceeding in Supreme Court to stay arbitration on the ground that the grievance had been properly determined pursuant to the terms of the original contract which, as noted above, did not contain an arbitration clause. Respondent counterclaimed seeking an order to compel arbitration. Supreme Court granted the application to stay arbitration. This appeal by respondent ensued.

We reverse. Supreme Court's judgment is premised on petitioner's position that the original contract, which did not provide for arbitration, expired on June 30, 1988 and that the second agreement, which provided for arbitration, had not been ratified at the time of the alleged violation on August 23, 1989. Thus, petitioner argues that Supreme Court properly concluded that "there was no agreement to arbitrate". We disagree. The ratification of the second contract after the

dispute arose would only be relevant if the contract did not contain a retroactive provision. The contract by its terms extended back to July 1, 1988. As noted earlier, the parties reached a tentative agreement on August 18, 1989. The violation on August 23, 1989 was subsequent to agreement but before ratification. Clearly, if the matter is permitted to proceed to arbitration, an arbitrator could conclude that the parties intended to resolve the dispute pursuant to the terms of the new agreement and not the prior one, which had expired over a year earlier on June 30, 1988.

Further, as noted by the Court of Appeals in *Board of Educ. v Barni* (49 NY2d 311, 314), a court should not stay arbitration when the parties' agreement to arbitrate is clear but there is some ambiguity as to whether the dispute is adequately covered by the terms of the contract, since the question of the scope of the applicable contract provisions is a matter of contract interpretation for the arbitrator to resolve.

Judgment reversed, on the law, without costs, application denied, counterclaim granted and petitioner is directed to arbitrate. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.