■ In the Matter of the Arbitration between TOWN OF QUEENSBURY, Appellant, and JOSEPH R. WUNDERLICH, INC., Respondent.—Crew III, J. Appeal from an order of the Supreme Court (Dier, J.), entered October 23, 1990 in Warren County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

In August 1987, petitioner and respondent entered into a contract for construction of a sewer in the Town of Queensbury, Warren County. In October 1987, petitioner issued a change order requiring respondent to install a pumping station which was to be billed on a time and materials basis. After completion of the pumping station, respondent submit-

ted a written request for payment in the amount of $365,754. Petitioner's engineer, after reviewing the supporting documents accompanying respondent's request for payment, determined that respondent would be eligible to receive only $189,654.50. Accordingly, a payment request was recommended which incorporated, *inter alia,* the $189,654.50 due for the change order. That amount was paid in April 1988. In February 1989, respondent resubmitted a revised bill for the change order in the amount of $346,549.95, asserting that the $189,654.50 previously paid represented only partial payment. Petitioner's engineer rejected the revised billing because, pursuant to paragraph 11.2 of the parties' contract, the request should have been made within 60 days after the work was completed and was therefore untimely. Respondent then filed a demand for arbitration and petitioner commenced this CPLR article 75 proceeding seeking a stay thereof. Supreme Court dismissed the petition and this appeal ensued.*

Petitioner asserts that because respondent did not fully comply with the contractual conditions precedent to arbitration, Supreme Court improperly dismissed its application for a permanent stay of arbitration. We disagree.

Paragraph 9.12 of the contract provides that: "The rendering of a decision by ENGINEER pursuant to paragraphs 9.10 and 9.11 with respect to any * * * claim * * * will be a condition precedent to any exercise by OWNER or CONTRACTOR of such rights or remedies as either may otherwise have under the Contract." Petitioner claims that the provisions of paragraph 9.11, which are incorporated in paragraph 9.12, providing that written notice of a claim must be made promptly but in no event later than 30 days after the claim arises, is a condition precedent to arbitration. The courts have drawn a distinction between conditions precedent to arbitration, the merits of which are to be determined by the courts, and conditions in arbitration, which are to be determined by the arbitrators *(see, Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1; *Matter of City of Schenectady [Schenectady Patrolmen's Benevolent Assn.],* 138 AD2d 882). It has been held that "inasmuch as the entire arbitration process is

---

* Initially, we reject petitioner's contention that respondent failed to comply with the notice of claim requirement of Town Law § 65 (3). That defense was waived since it was not raised in the court of original jurisdiction *(see, Flanagan v Board of Educ.,* 47 NY2d 613, 617) and, in any event, the claim was abandoned since it was raised, for the first time, after oral argument in this court *(see, First Natl. Bank v Mountain Food Enters.,* 159 AD2d 900, 901).

a creature of contract, the parties by explicit provision of their agreement have the ability to place any particular requirement in one category or the other, to make it a condition precedent to arbitration or to make it a condition in arbitration" *(Matter of County of Rockland [Primiano Constr. Co.], supra,* at 9). In the case at bar, the parties clearly provided that the rendering of a decision by the engineer is a condition precedent to arbitration *(see, Matter of Village of Saranac Lake [Schickel Gen. Contr.],* 154 AD2d 855, *lv denied* 75 NY2d 707). However, there is no language in paragraph 9.11 which explicitly makes the provisions thereof conditions precedent to the submission of a claim for arbitration *(see, Matter of United Nations Dev. Corp. v Norkin Plumbing Co.,* 45 NY2d 358, 364). Accordingly, the provisions contained in paragraph 9.11 are conditions in arbitration and any claim of noncompliance therewith should be resolved by the arbitrators and not by this court.

Petitioner next contends that respondent waived its right to arbitration by accepting final payment. We disagree. Paragraph 16.1 of the contract provides that: "All claims, disputes and other matters in question between OWNER and CONTRACTOR arising out of, or relating to Contract Documents or the breach thereof (except for claims which have been waived by the making or acceptance of final payment as provided in by paragraph 14.16) will be decided by arbitration". Paragraph 14.16.2 of the contract provides that the making and acceptance of final payment constitutes a waiver of all claims by the contractor against the owner other than those previously made in writing and still unsettled. A review of the correspondence between respondent and petitioner's engineer reveals that on February 2, 1989, respondent submitted a revised billing for the change order in which it referred to the $189,654.50 received for the work it performed pursuant to the change order as partial payment. It also appears that there followed discussions concerning the payment of additional compensation for that work and on February 14, 1989 the engineer denied additional compensation. It is clear, therefore, that at the time respondent submitted its final payment request in September 1989 and accepted payment thereof, there remained an unsettled claim previously made in writing and acceptance of the final payment did not constitute a waiver thereof.

Mahoney, P. J., Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the order is affirmed, with costs.