■ In the Matter of the Arbitration between SPENCER-VAN ETTEN CENTRAL SCHOOL DISTRICT, Respondent, and A. ROY AUCHINACHIE & SONS, INC., Appellant.—Mikoll, J.

The question presented on this appeal is whether compliance with a 21-day notice provision in the parties' contract is a condition precedent to arbitration or a condition in arbitration. In our view, it is a condition in arbitration and, accordingly, Supreme Court erred in finding that respondent failed to comply with conditions precedent to arbitration.

Respondent, a plumbing and heating contractor, contracted with petitioner on or about May 9, 1989 to perform certain work involving the reconstruction of the Spencer and Van Etten Elementary Schools and the Van Etten High School in

Chemung County. Respondent's work, which was to be completed by September 1, 1989, was to follow the work of other contractors involved in the removal or abatement of asbestos.

Delays occurred because of asbestos fiber releases which caused the closing of the work sites at the Spencer Elementary School on June 23, 1989 and the Van Etten Elementary School on July 6, 1989. Petitioner took the position that respondent was responsible for the June 23, 1989 asbestos release and filed a claim with the project architect; no claim was filed against respondent with respect to the July 6, 1989 incident. Subsequently respondent purportedly filed other claims for asbestos-related delays on three additional occasions.

Respondent filed a notice of claim pursuant to Education Law § 3813 in March 1990 and a demand for arbitration on June 19, 1990. Subsequently, petitioner made the instant application under CPLR 7503 requesting a stay of arbitration. Respondent served an answer and a cross petition to compel, *inter alia,* arbitration. Petitioner answered the cross petition and requested its dismissal. Respondent now appeals from Supreme Court's orders granting petitioner's application for a stay as to the first, fourth and fifth causes of action and as denying respondent's cross petition to compel arbitration.*

Whether a particular requirement in a valid contract providing arbitration is a condition precedent to arbitration or a condition in arbitration "depends on its substance and the function it is properly perceived as playing—whether it is in essence a prerequisite to entry into the arbitration process or a procedural prescription for the management of that process" *(Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1, 9). Also, "it is to be remembered that inasmuch as the entire arbitration process is a creature of contract, the parties by explicit provision of their agreement have the ability to place any particular requirement in one category or the other" *(supra,* at 9; *see, Matter of Town of Queensbury [Wunderlich],* 175 AD2d 946).

Turning to the case at bar, paragraph 4.3.2 of the agreement provides that "[c]laims, including those alleging an error or omission by the Architect, shall be referred initially to the Architect for action as provided in Paragraph 4.4" (resolution of claims and disputes). Paragraph 4.3.2 additionally provides that, except under certain circumstances, "[a] decision by the

---

* The proceeding was heard and decided by Justice Crew III, although the orders appealed were signed by Justice Ellison.

Architect \* \* \* shall be required as a condition precedent to arbitration or litigation of a Claim between the Contractor and Owner as to all such matters arising prior to the date final payment is due". Paragraph 4.3.3 provides that "[c]laims by either party must be made within 21 days after occurrence of the event giving rise to such Claim or within 21 days after the claimant first recognizes the condition giving rise to the Claim, whichever is later".

This contract language is substantially similar to language of the contract provisions in dispute in *Matter of Town of Queensbury (Wunderlich) (supra)* and is controlling here. In *Queensbury,* this court rejected the petitioner's contention that compliance with a 30-day notice clause was a condition precedent to arbitration, finding instead that it was a condition in arbitration for the arbitrator to resolve and not the court *(supra).* Thus, we find that the 21-day notice provision *sub judice* is also a condition in arbitration. Therefore, the stay was erroneously granted as to the first cause of action.

Supreme Court, in erroneously granting a stay of the fourth cause of action involving the June 23, 1989 release and the fifth cause of action involving the December 26, 1989, January 8 and 30, 1990 incidents, based its finding on respondent's failure to comply with the 21-day notice requirement. As to these incidents, Supreme Court apparently concluded that the documents filed by respondent within the 21 days failed to give petitioner notice that respondent was making a claim for any of the incidents. Supreme Court appears to have overlooked the definition of the term "claim" in paragraph 4.3.1 and the legal maxim that the interpretation of a particular contract provision is within the exclusive province of the arbitrator unless specifically excluded therefrom *(see, supra; see also, Matter of South Orangetown Cent. School Dist. [Civil Serv. Employees Assn.],* 173 AD2d 1071, *lv denied* 79 NY2d 751; *Matter of Weller Assocs. [Charlebois],* 169 AD2d 958, 959, *lv denied* 78 NY2d 851).

Weiss, J. P., Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the order and amended order are modified, on the law, with costs to respondent, by reversing so much thereof as granted petitioner's application for a stay as to the first, fourth and fifth causes of action and denied respondent's cross petition to compel arbitration on said causes of action; application for a stay of said causes of action dismissed and cross petition to compel arbitration of said causes of action granted; and, as so modified, affirmed.