■ VASSILIS MORFOPOULOS et al., Appellants, v OLIVER LUNDQUIST, Respondent. [594 NYS2d 234] —Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered July 23, 1991, which denied the petitioners' application to stay arbitration demanded by respondent, unanimously affirmed, without costs.

We agree with the IAS Court that petitioners, although non-signatories to the arbitration agreement in issue to which the first-named petitioner's eponymous corporation was a party

(see, Keter Publ. v Shapolsky, 189 AD2d 591), waived their right to have the issue of arbitrability judicially determined by actively participating in the arbitration before seeking a stay (Matter of National Cash Register Co. [Wilson], 8 NY2d 377, 382-383; compare, Matter of Consolidated Carting Corp. [Local No. 282], 28 AD2d 667). Such active participation consisted of petitioners' submitting a notice of appearance in the arbitration, participating in the selection of the arbitrator, agreeing to the tribunal's suggestion that the issue of arbitrability be determined by the arbitrator selected, seeking an extension of time within which to file the requested brief on the issue of arbitrability, and then waiting until after the time for submission of that brief had expired before seeking the instant stay of arbitration more than three months after commencement of the arbitration proceeding. The waiver is not affected by the defect in respondent's demand for arbitration in not stating, as required by CPLR 7503 (c), that a failure to apply for a stay within twenty days would preclude an objection that a valid agreement to arbitrate was not made (cf., Matter of Standard Steel Section v Royal Guard Fence Co., 62 AD2d 1040, lv denied 45 NY2d 707; 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7503.30). Concur—Sullivan, J. P., Wallach, Kupferman and Ross, JJ.