■ LEBANON VALLEY LANDSCAPING, INC., Respondent, v TOWN OF NASSAU, Appellant. [596 NYS2d 587] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Spain, J.), entered May 11, 1992 in Rensselaer County, upon a decision of the court in favor of plaintiff.

On January 15, 1990, after soliciting and receiving bids, defendant awarded its 1990 sand and gravel contract to plaintiff. After taking delivery of several loads, defendant decided that the quality of materials supplied was unsatisfactory and re-bid the contract. Plaintiff brought this action sounding in breach of contract. Following a bench trial Supreme Court found that, inasmuch as plaintiff was afforded no opportunity to cure, defendant's actions constituted an improper unilateral termination of the contract under UCC 2-508. Plaintiff was awarded $8,221.28 in damages, calculated by multiplying its profit margin by the amount of sand and gravel purchased by defendant from other sources during the remainder of 1990. Arguing that the complaint should have been dismissed for failure to satisfy the notice of claim provisions of Town Law § 65 (3), and also that the damages were improperly calculated, defendant appeals.

We affirm. Although plaintiff concedes that no notice of claim was filed, and ordinarily such failure will be fatal to the action *(see, e.g., Aqua Dredge v Little Harbor Sound Civic Improvement Assn.,* 114 AD2d 825, 826), where, as in this instance, defendant received actual notice of the claim and did not raise the issue of lack of formal notice for over two years, instead allowing the case to proceed through discovery and arbitration, it may be estopped from advancing that contention at trial *(see, Town of Smithtown v Jet Paper Stock Corp.,* 179 AD2d 634; *Aqua Dredge v Little Harbor Sound Civic Improvement Assn., supra,* at 826). Considering the amount of time and resources plaintiff has expended in preparation for trial, and the lack of any demonstrable prejudice to defendant, it would be inequitable and unreasonable to allow such a "blindly technical barrier" to deprive plaintiff of its day in court *(Frink v Town of Amenia,* 91 Misc 2d 491, 493; *see,*

*Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 668).

With regard to the computation of damages, defendant maintains that Supreme Court erred by including in its calculation of plaintiff's lost profits amounts of sand and gravel which defendant trucked in its own vehicles. Supreme Court found, however, based on the minutes of the Town Board meeting at which the bid was accepted, that the contract was to be for all of defendant's sand and gravel needs in 1990. There was no indication that defendant intended to reserve the right to purchase sand or gravel, from plaintiff or anyone else, other than in accordance with the terms of plaintiff's bid, which included transportation costs in the price quoted for each type of material. Thus, there was no basis for considering the sand and gravel which was actually hauled by defendant any differently from that hauled by other vendors when determining plaintiff's lost profits. Furthermore, the damages are not at all speculative, for they are predicated on the actual amount of sand and gravel used by defendant in 1990 and on an anticipated, per-cubic-yard profit of $1.05, which is fully borne out by the evidence.

Weiss, P. J., Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.