■ In the Matter of the Arbitration between TOWN OF TICONDEROGA, Respondent, and UNITED FEDERATION OF POLICE OFFICERS, INC., Appellant. [790 NYS2d 252]—

Lahtinen, J. Appeal from an order of the Supreme Court (Dawson, J.), entered February 12, 2004 in Essex County, which, inter alia, granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

Petitioner and respondent are parties to a collective bargaining agreement which provides for a three-step grievance procedure culminating in arbitration. Respondent, on behalf of two police officers employed by petitioner, filed grievances alleging that the police officers were improperly terminated. The first step of the grievance procedure required the aggrieved employees to meet with the Chief of Police in an attempt to resolve the matter. Such a meeting was requested but never held. Thereafter, respondent proceeded to step two in the grievance procedure and then a demand for arbitration was filed by ordinary mail. Petitioner participated in the preliminary procedures to the extent that the arbitration was scheduled for a hearing. The hearing date was adjourned and petitioner subsequently brought this proceeding to stay arbitration, claiming that respondent failed to comply with step one of the grievance procedure—which it claims was a condition precedent to arbitration—and failed to properly serve its demand for arbitration. Respondent moved to dismiss the proceeding claiming that it was untimely, the alleged failure to fully comply with step one of the grievance procedure was not a condition precedent to arbitration but rather a part of the arbitration process and petitioner waived its right to seek a stay of arbitration by its participation in the arbitration process. Supreme Court granted petitioner's application and denied respondent's motion, prompting this appeal.

We affirm. Initially, we agree with Supreme Court's dismissal of the parties' respective procedural arguments. By failing to serve its demand for arbitration "in the same manner as a summons or by registered or certified mail, return receipt requested," respondent's motion to dismiss this proceeding because petitioner failed to bring it within 20 days of the service of its demand by regular mail was properly denied (CPLR 7503 [c]; *see Matter of Blamowski [Munson Transp.]*, 91 NY2d 190, 195 [1997]; *Jefferson v Government Empls. Ins. Co.*, 48 AD2d 855 [1975]). Likewise, by participating in the arbitration process for a period of four months before commencing this proceeding, petitioner waived its objection to respondent's defective service (*see Morfopoulos v Lundquist*, 191 AD2d 197 [1993]).

Turning to the substantive issue, we also agree with Supreme

Court's determination that petitioner's claim that respondent failed to comply with the provisions of the agreement to arbitrate was a threshold question for judicial determination (*see Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 9 [1980]; *Matter of Serringer v Board of Trustees of Vil. of Tuxedo Park*, 265 AD2d 561, 562 [1999]; *Matter of Board of Educ. of Schenevus Cent. School Dist. [Merritt Meridian Constr. Corp.]*, 210 AD2d 854, 855 [1994]). On this record, we find no error in Supreme Court's conclusion that respondent failed to comply with a condition precedent to arbitration and its resultant decision to stay arbitration.

Respondent's remaining contentions have been examined and found to be lacking in merit.

Mercure, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.