■ In the Matter of Town of Ramapo, Respondent, v Ramapo Police Benevolent Association et al., Appellants. [793 NYS2d 449]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for health benefits, the appeal is from an order of the Supreme Court, Rockland County (Bergerman, J.), dated December 20, 2002, which granted the petition and stayed arbitration.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The petitioner Town of Ramapo and the appellant Ramapo Police Benevolent Association (hereinafter the PBA) entered into a collective bargaining agreement (hereinafter the 1998 CBA) which did not contain an arbitration provision as part of its grievance procedure. The 1998 CBA expired on December 31, 2000, and a new collective bargaining agreement (hereinafter the 2001 CBA), which did contain an arbitration provision, was entered into on December 28, 2001. Article 23 of the 2001 CBA provided, in relevant part, that the 2001 CBA "shall be effective as of the first day of January, 2001." The grievance at issue, which alleged a violation of Article 10 of the 1998 CBA, titled "Hospitalization and Medical Plan," was first filed in writing in August 2001, and the PBA's demand for arbitration was filed on June 13, 2002, in reliance on the Step Three procedure outlined in the 2001 CBA.

It is undisputed that an agreement to arbitrate was in effect on the date the request to arbitrate was made. The relevant inquiry, then, is whether the arbitration clause was intended to apply to grievances based on events predating the effective date of the 2001 CBA. As a general rule, "arbitration must be preferred 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute' " (*Thomas James Assoc., Inc. v Jameson,* 102 F3d 60, 65 [1996], quoting *David L. Threlkeld & Co., Inc. v Metallgesellschaft Ltd. [London],* 923 F2d 245, 250 [1991]; *see Matter of Local Union 1567, Intl. Bhd. of Elec. Workers, AFL-CIO v Orange & Rockland Util.,* 104 AD2d 413, 414 [1984]; *Buffalo Police Benevolent Assn. v City of Buffalo,* 114 Misc 2d 1091, 1093-1094 [1982]; *cf. Clark v Kidder, Peabody & Co., Inc.,* 636 F Supp 195, 197 [1986]).

Here, a "grievance," as defined in the 2001 CBA, includes "a claim that the Town violated a provision of [the 2001 CBA] *or a*

*past practice of the department"* (emphasis supplied). Thus, the 2001 CBA does not appear to limit grievances to facts and events postdating its effective date. Equally instructive is the fact that article 10 of the 2001 CBA, insofar as relevant to this proceeding, is identical in wording to article 10 of the 1998 CBA—the predecessor provision on which the subject grievance is based—and explicitly refers to medical plans in effect as far back as 1996, well before the events underlying the subject grievance took place.

Under these circumstances, we cannot conclude that the broad arbitration provision contained in the 2001 CBA unequivocally excludes from its scope grievances commenced pursuant to the 1998 CBA but still pending when the 2001 CBA became effective. At best, an ambiguity exists as to whether the 2001 CBA's new arbitration procedure was intended to apply to such grievances. "[A] court should not stay arbitration when the parties' agreement to arbitrate is clear but there is some ambiguity as to whether the dispute is adequately covered by the terms of the contract, since the question of the scope of the applicable contract provisions is a matter of contract interpretation for the arbitrator to resolve" (*Matter of South Orangetown Cent. School Dist. [Civil Serv. Empls. Assn.],* 173 AD2d 1071, 1073 [1991]). Hence, under the circumstances presented here, the question of whether the parties intended this type of grievance to be resolved pursuant to the procedure set out in the 2001 CBA or the one set out in the 1998 CBA is for the arbitrator to decide (*id.; see also Board of Educ. Union Free School Dist. No. 12, Brentwood v Brentwood Teachers Assn.,* 1973 WL 16966, *affd* 41 AD2d 936 [1973]).

The Town's remaining contention, that the PBA failed to comply with the procedural requirements of the grievance procedure set out in the 2001 CBA, raises questions of "procedural arbitrability" which "must be left to the arbitrator" (*Matter of Long Is. Lbr. Co. [Martin],* 15 NY2d 380, 386 [1965]; *see e.g., Howsam v Dean Witter Reynolds, Inc.,* 537 US 79 [2002]). Florio, J.P., Schmidt, Mastro and Fisher, JJ., concur.