SUMMARY ORDER
Plaintiffs-Appellants Joseph and Elaine Adrian and Adrian Family Partners I, L.P. appeal from a judgment following a jury trial of the United States District Court for the Southern District of New York (Fox, Mag. /.). We assume the parties’ familiarity with the facts, procedural history and issues presented on appeal.
In Williamson County Reg’l Planning Comm’n v. Hamilton Bank of Johnson City, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985) (“Williamson County ”), the Supreme Court held that federal takings claims are not ripe unless (1) the agency involved has reached a final decision and (2) the plaintiff has sought and has failed to receive adequate compensation through available state procedures. Id. at 190-95, 105 S.Ct. 3108. The court below properly applied Williamson County to the Adrians’ due process and equal protection claims, which, with the exception of the selective prosecution challenge, are based on the same facts underlying the takings claims and “raise a question of administrative finality.” Dougherty v. Town of North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 90 (2d Cir.2002).
The finality prong of the ripeness test forces plaintiffs to “obtain a final, definitive decision from local zoning authorities [and] ensures that ... all non-constitutional avenues of resolution have been explored first, perhaps obviating the need for judicial entanglement in the constitutional disputes.” Murphy v. New Milford Zoning Comm’n, 402 F.3d 342, 353-54 (2d Cir.2005).
The Adrians’ takings, due process and equal protection claims fail to satisfy the finality prong of the Williamson County test and were properly dismissed. For example, the Findings Statement generated by Defendant-Appellee Town of Yorktown (“the Town”) in connection with the proposed Stop & Shop development outlined certain conditions necessary for later approval of the plan and was not a final decision. Similarly, there is no indication that the Adrians’ exclusion from the map of the Hunterbrook Sewer District in the fall of 2000 was a final decision, since the Town eventually included the land in question in the map. Furthermore, the Adri-ans did not seek a variance with respect to the denial of their request for a permit to build a car wash, nor did they submit a revised application. The Adrians have also failed to present credible evidence that amended applications or variance requests would be futile.
Even if any of the Adrians’ claims could satisfy the finality prong of the Williamson County test and could further be construed to allege a substantive due process violation that is not subject to the just compensation prong, see Southview Assocs., Ltd. v. Bongartz, 980 F.2d 84, 97 (2d Cir.1992), the Adrians lack a vested prop *701 erty interest in the approval of its land use applications in light of the Town’s discretion to grant or deny such approval. See Zahra v. Town of Southold, 48 F.3d 674, 681 (2d Cir.1995); Gagliardi v. Vill. of Pawling, 18 F.3d 188, 192 (2d Cir.1994).
On January 11, 2008, after the parties had concluded their evidentiary presentations, the court sue sponte converted the Adrians’ money had and received claim into a claim for breach of contract. The parties presented closing argument as to the breach of contract claim and on January 15, 2008 the jury awarded the Adrians $150,000 with respect to that claim. After trial, the Town submitted a motion asserting that the Adrians had failed to file a notice of the breach of contract claim within six months of its accrual as required by New York Town Law § 65(3). The court below agreed, dismissed the breach of contract claim and vacated the jury award.
We conclude that the court erred in vacating the jury award. The Town could have raised its timeliness objection any time after the January 11, 2008 conversion of the claim and before the January 15, 2008 jury verdict, but it failed to do so. Consequently, this defense was abandoned. See Matter of Town of Queensbury, 175 A.D.2d 946, 572 N.Y.S.2d 974, 975 n. 1 (3d Dep’t 1991) (rejecting notice of claim defense under § 65(3) due to Town’s delay in advancing it). See also Lebanon Valley Landscaping, Inc. v. Town of Nassau, 192 A.D.2d 902, 596 N.Y.S.2d 587, 588 (3d Dep’t 1993) (applying estoppel and rejecting strict adherence to the “blindly technical barrier” of § 65(3) where its application would be inequitable and unreasonable).
We have considered the Adrians’ remaining contentions on appeal and find them to be without merit.
For the foregoing reasons, the decision of the court below is AFFIRMED in part and REVERSED in part. The case is REMANDED for proceedings consistent with this order, including reinstatement of the jury award of $150,000.