09-5062-cv
Adrian v. Town of Yorktown

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term, 2009

(Argued: Wednesday, July 14, 2010                    Decided: September 8, 2010)

Docket No. 09-5062-cv

JOSEPH M. ADRIAN, ADRIAN FAMILY PARTNERS I, LP, ELAINE M. ADRIAN,

*Plaintiffs-Appellants*,

– v. –

TOWN OF YORKTOWN,

*Defendant-Appellee.*

Before: HALL, LEVAL, and B.D. PARKER, *Circuit Judges*.

Appeal from a judgment of the United States District Court for the Southern District of New York (Davison, *M.J.*) declining to award post-verdict prejudgment interest mandated by state law but not specified in our mandate reinstating a jury verdict and remanding for further proceedings. VACATED and REMANDED.

DAVID. O. WRIGHT, Yorktown Heights, NY, *for Plaintiffs-Appellants.*

RALPH F. SCHOENE, Vouté, Lohrfink, Magro & Collins, LLP, White Plains, NY, *for Defendant-Appellee.*

1

PER CURIAM:

Plaintiffs-appellants Joseph and Elaine Adrian and Adrian Family Partners I, L.P. sued the Town of Yorktown (the "Town") pursuant to 42 U.S.C. § 1983 and New York State law, alleging that the Town, through its Town Supervisor, Linda Cooper, and other policy-making officials, maintained an official policy under which the plaintiffs were denied the right to develop their property, and subsequently retaliated against for their exercise of their First Amendment rights.

This is the third time this case has been before us. We dismissed plaintiffs' first appeal because we lacked appellate jurisdiction over their challenge to the district court's entry of partial summary judgment. *See Adrian v. Town of Yorktown,* 210 F. App'x 131, 134 (2d Cir. 2006) ("*Adrian I*"). The case ultimately went to trial, and plaintiffs prevailed on two of their claims, winning a $150,000 verdict on a state-law breach of contract claim, and nominal damages on a federal malicious prosecution claim.[1] The district court subsequently vacated the breach-of-contract verdict, which we then reinstated on appeal because we found that the Town had waived the timeliness argument on which the court based its decision. *See Adrian v. Town of Yorktown*, 341 F. App'x 699, 701 (2d Cir. 2009) ("*Adrian II*").

We then ordered that the case be "REMANDED for proceedings consistent with [the summary] order, including reinstatement of the jury award of $150,000." *Id.* Three weeks later, the mandate issued. Neither the remand order nor the mandate made any mention of interest.

---

[1] Plaintiffs were awarded $2 for their federal malicious prosecution claim. In the instant appeal, they are not seeking interest in connection with those two dollars.

The plaintiffs, believing they were entitled to interest, then moved to recall the mandate and reinstate the appeal. That motion argued, *inter alia,* that the mandate lacked instructions about the allowance of interest, which are required under Fed. R. App. P. 37(b) "[i]f the court modifies or reverses a judgment with a direction that a money judgment be entered in the district court." *See* Fed. R. App. P. 37(b). We denied that motion.

On remand, the district court awarded pre-verdict interest to the plaintiffs, but declined to award post-verdict interest, holding that "where the mandate of the court of appeals makes no provision for interest from the date of the verdict to the date of entry of the judgment directed by the mandate, the district court is 'powerless' to award such interest." Order, *Adrian v. Town of Yorktown,* No. 03-cv-06604, at 3 (S.D.N.Y. Nov. 4, 2009) (quoting *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 103 (2d Cir. 2004)). The district court concluded that plaintiffs' only option was to "pursue their desired result only by seeking recall of the mandate of the Court of Appeals," which they had already attempted unsuccessfully. *Id.* at 4.

On this appeal, plaintiffs challenge that holding, contending that where, as here, a mandate reinstating a jury verdict does not order entry of a judgment in a specific dollar amount, and also makes no mention of interest, the district court retains the power to award post-verdict interest on remand. We agree.

Defendants rely on Rule 37(b) and *Briggs v. Pennsylvania Railroad Co.*, 334 U.S. 304 (1948). In *Briggs*, the Supreme Court held that the district court had no power to award post-verdict interest where the appellate court's mandate directed that "judgment be entered [for plaintiff] on the verdict" and made "no provision for such interest." 334 U.S. at 305-06. The

3

Court reasoned that "an inferior court has no power or authority to deviate from the mandate issued by an appellate court" and that such a mandate making "no provision for interest . . . on its face" barred an award of interest. *Id.* at 306. Rule 37(b), which was adopted to serve "as a reminder" of the *Briggs* rule, *see* Fed. R. App. P. 37(b) advisory committee's note, states that our mandate "must contain instructions about the allowance of interest" whenever we modify or reverse a judgment "with a direction that a money judgment be entered in the district court." Fed. R. App. P. 37(b). In *Westinghouse v. D'Urso*, on which the district court relied, we held that "Rule 37(b) and the underlying *Briggs* limitation on district court power apply only when the mandate directs the district court to enter . . . a *particular* money judgment." 371 F.3d at 103 (emphasis in original). We observed that if the mandate (directing the entry of judgment in a particular amount) did not contain further instructions to allow interest, "the district court is powerless to award interest during the period between its original judgment and the judgment it enters on remand, since doing so would deviate from the mandate it has been given." *Id.*

In *Westinghouse*, thus, we clarified the applicability of *Briggs* and Rule 37, holding that they did not apply where our mandate "did not direct the district court to enter a money judgment" and instead "simply vacated" the judgment and "remanded for further proceedings." *Id.* (internal quotation marks omitted). We explained that although it was "clear that the effect of the mandate and opinion was to ensure that the district court would ultimately enter a money judgment in favor of Westinghouse, neither document suggested what the amount of the judgment should be or that the judgment could be entered by the district court without further proceedings." *Id.* at 104. Accordingly, the purpose of *Briggs* -- to ensure that district courts are

4

faithful to appellate mandates -- would not have been served by restricting the district court's ability to grant post-verdict interest.

There is no meaningful distinction between *Westinghouse* and the case before us. In both cases, we remanded for "further proceedings." Although here, unlike in *Westinghouse*, we specified the dollar amount of a reinstated jury verdict ($150,000), we did *not* order that a money judgment be entered in that amount. Where, as here, we do not specify that a money judgment be entered in any specific amount, and instead remand for further proceedings including reinstatement of a jury verdict, the district court is free to award post-verdict interest.

On this appeal, plaintiffs are specifically seeking post-verdict prejudgment interest on their breach-of-contract claim. Because that claim was brought under New York State law, and because prejudgment interest is a matter of substantive law, the New York interest rate applies to the interest sought. *See Marfia v. T.C. Ziraat Bankasi,* 147 F.3d 83, 90 (2d Cir. 1998) (holding that "federal law does not apply to the calculation of prejudgment interest on supplemental state law claims"); *Schipani v. McLeod,* 541 F.3d 158, 164-65 (2d Cir. 2008) (noting that "[i]n a diversity case, state law governs the award of prejudgment interest," but "[i]n contrast, postjudgment interest is governed by federal statute."). Under New York law, post-verdict prejudgment interest is mandatory. *See* N.Y.C.P.L.R. § 5002 ("Interest *shall* be recovered upon the total sum awarded . . . from the date the verdict was rendered . . . to the date of entry of final judgment." (emphasis added)); *In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation,* 2010 WL 1924708, at *1 (S.D.N.Y. May 12, 2010) ("Section 5002 makes post-verdict interest mandatory in all cases."). The New York prejudgment interest rate is nine per centum per annum. N.Y.C.P.L.R. §§ 5002, 5004.

5

Plaintiffs contend that they are entitled to the New York post-verdict prejudgment interest rate -- which is higher than the federal postjudgment interest rate -- for the time period between the jury's January 15, 2008 verdict and the entry of the November 5, 2009 judgment on remand following our reinstatement of the verdict. However, neither party addressed on appeal the question of which date represents the "final judgment" in this case: the date of the judgment entered immediately following the jury's original verdict (January 16, 2008, one day after the verdict), or the date of the entry of judgment on remand. This question is significant. If the judgment entered immediately after the jury's verdict represents the final judgment, then plaintiffs are entitled to post-verdict prejudgment interest at the New York rate for only one day, and should receive postjudgment interest at the federal rate thereafter pursuant to 28 U.S.C. § 1961. *See Schipani*, 541 F.3d at 164-65. In contrast, if the date of the entry of judgment on remand represents the final judgment, then plaintiffs are entitled to the New York prejudgment interest rate for the period between the jury's January 15, 2008 verdict and the November 5, 2009 judgment entered on remand. Under this scenario, plaintiffs would also be entitled to postjudgment interest at the federal rate, but beginning on November 5, 2009, as opposed to January 16, 2008.

Thankfully, our case law provides a clear answer to this question. "[T]he judgment contemplated by section 1961 is one that is ascertained in a meaningful way and supported by the evidence." *Andrulonis v. United States,* 26 F.3d 1224, 1233 (2d Cir. 1994) (internal quotation marks and alterations omitted). In *Indu Craft, Inc. v. Bank of Baroda,* 87 F.3d 614 (2d Cir. 1996), we considered a case in this exact procedural posture -- where judgment for plaintiff was entered following a jury verdict, but then defendant's post-trial motion for judgment as a matter

6

of law was granted, only to be reversed on appeal -- and held that postjudgment interest accrued from the date of the original judgment. *Id.* at 620 ("[O]ur reversal of the district court's grant of [defendant's] motion for judgment as a matter of law does not change the fact that the judgment was ascertained in a meaningful sense on . . . the date on which the original judgment was entered following the jury verdict."). Accordingly, plaintiffs are entitled to post-verdict prejudgment interest at the higher New York rate only for the one day separating the January 15, 2008 jury verdict and the January 16, 2008 judgment, and are entitled to postjudgment interest at the federal rate from that point forward.

**CONCLUSION**

For the foregoing reasons, we hereby VACATE the District Court's November 5, 2009 Judgment, and REMAND to the district court so that it can calculate and award, in addition to the pre-verdict interest through January 15, 2006 already properly calculated in that Judgment, (1) the nine per centum per annum interest due to plaintiffs under New York law for the period from January 15, 2008, until January 16, 2008, and (2) the postjudgment interest due to plaintiffs under federal law beginning January 16, 2008.