09-2707-cv (L)
NML Capital v. Argentina

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of August, two thousand eleven.

PRESENT:   GUIDO CALABRESI,
              REENA RAGGI,
              RICHARD D. CUDAHY,[*]
                    *Circuit Judges.*

------------------------------------------------------------------------

NML CAPITAL,

                   *Plaintiff-Appellee-Cross-Appellant*,

MONTREUX PARTNERS, CORDOBA CAPITAL, LOS ANGELES CAPITAL, FFI FUND & FYI, WILTON CAPITAL,

                   *Plaintiffs-Appellees*,

            v.

Nos. 09-2707-cv (L),
09-2708-cv (CON),
09-2867-cv (XAP),
09-2710-cv (CON),
09-2711-cv (CON),
09-2712-cv (CON),
09-2713-cv (CON),
09-2714-cv (CON),
09-2715-cv (CON),

------------------------------------------------------------------------

[*] Circuit Judge Richard D. Cudahy of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

THE REPUBLIC OF ARGENTINA,
            *Defendant-Appellant-Cross-
            Appellee.*
------------------------------------------------------------------------

FOR APPELLANT:            Jonathan I. Blackman, Carmine D. Boccuzzi, Christopher P. Moore, Cleary Gottlieb Steen & Hamilton LLP, New York, New York, *for Defendant-Appellant-Cross-Appellee the Republic of Argentina.*

FOR APPELLEES:            Robert A. Cohen, Dennis H. Hranitzky, Dechert LLP, New York, New York, *for Plaintiff-Appellee-Cross-Appellant NML Capital.*

                          Walter Rieman, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, New York, *for Plaintiffs-Appellees Montreux Partners, Cordoba Capital, Los Angeles Capital, and Wilton Capital.*

                          Stephen D. Poss, Robert D. Carroll, Goodwin Procter LLP, Boston, Massachusetts, *for Plaintiffs-Appellees FFI Fund & FYI.*

Appeal from the United States District Court for the Southern District of New York (Thomas P. Griesa, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the amended judgment entered on June 16, 2009, in Nos. 09-2708-cv (CON) and 09-2867-cv (XAP) is AFFIRMED in part and VACATED in part, and that the judgments entered on June 1, 16, and 26, 2009 , and February 2, 2010, in the remaining above-captioned actions are AFFIRMED.

Defendant the Republic of Argentina ("Argentina") appeals from judgments awarding

plaintiffs, the beneficial owners of certain Floating Rate Accrual Notes ("FRANs") issued

by Argentina: (1) all outstanding principal; (2) missed biannual interest payments that came

due prior to maturity or acceleration; (3) 9% statutory interest on those missed interest

payments, see N.Y. C.P.L.R. §§ 5001(a), 5004; (4) interest on principal at the contract rate

from the date of maturity or acceleration to the date of judgment; and (5) 9% statutory pre-

judgment interest on unpaid post-maturity (but not post-acceleration) contract interest.

Plaintiff NML Capital cross-appeals the denial of statutory pre-judgment interest on unpaid

post-acceleration contract interest. In a prior opinion, we affirmed all aspects of the

judgments except the two noted as (4) and (5). See NML Capital v. Republic of Argentina,

621 F.3d 230, 242-43 (2d Cir. 2010). We reserved judgment on those two issues pending a

response from the New York Court of Appeals to three certified questions:

> (a) Is a bond provision requiring the issuer of the bond to make, on dates certain, bi-annual interest payments on principal "until the principal hereof is paid" properly construed as an obligation to pay interest for so long as the principal is outstanding, including after the date of maturity?
>
> (b) Is a bond provision requiring the issuer of the bond to make, on dates certain, bi-annual interest payments on principal "until the principal hereof is paid" properly construed as an obligation to pay interest for so long as the principal is outstanding, including after acceleration?
>
> (c) If either of the foregoing questions is answered in the affirmative, does that obligation provide a valid basis for awarding statutory interest under N.Y. C.P.L.R. § 5001(a) on post-maturity or post-acceleration interest payments that came due but were never paid?

Id. at 244. On June 30, 2011, the New York Court of Appeals answered all three questions

in the affirmative, holding that (1) Argentina's obligation to make biannual interest payments

3

at the contract rate continued after maturity and acceleration until payment was made or judgment was entered, and (2) plaintiffs were entitled to statutory pre-judgment interest on post-maturity and post-acceleration contract interest payments from the date those payments became due. See NML Capital v. Republic of Argentina, --- N.Y.2d ----, 2011 WL 2567294 (June 30, 2011).

In light of these responses, we conclude, and the parties agree, that the judgments entered by the district court in the ten actions involving non-accelerated FRANs should now be affirmed in their entirety. As to the one action in which NML Capital sued on its accelerated FRANs, we conclude, and the parties agree, that the amended judgment entered on June 16, 2009, correctly awarded contract interest on principal from the date of acceleration to entry of judgment, but erred in denying NML Capital statutory pre-judgment interest on the unpaid post-acceleration contract interest. The parties disagree, however, as to how to effect entry of a correct judgment in the latter action. NML Capital urges that we vacate the district court's amended judgment and remand for entry of a new judgment that includes (1) unpaid principal, (2) unpaid pre- and post-acceleration contract interest on principal, and (3) statutory interest on unpaid contract interest payments from the date that such payments became due to entry of judgment on remand. Argentina submits that we should remand with instructions to modify the existing judgment to include additional statutory pre-judgment interest on unpaid post-acceleration contract interest calculated to the June 16, 2009 entry of the amended judgment. The difference in the parties' positions is significant. Argentina estimates that a new judgment that includes additional contractual and

statutory interest calculated to entry of judgment on remand as urged by NML Capital would result in approximately $119 million in additional pre-judgment interest that accrued after the amended judgment was entered on June 16, 2009.

We now reject NML Capital's argument and remand as urged by Argentina. In general, pre-judgment interest ceases to accrue, and post-judgment interest begins to accrue, as of the date that judgment first "is ascertained in a meaningful way and supported by the evidence." Adrian v. Town of Yorktown, 620 F.3d 104, 107 (2d Cir. 2010) (internal quotation marks omitted); see Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 103 (2d Cir. 2004) (observing that date judgment was meaningfully ascertained separates computation of interest in pre-judgment and post-judgment periods). Here, the district court's amended judgment correctly determined liability, including Argentina's obligation to pay post-acceleration interest on principal at the contract rate to entry of judgment. The amended judgment's only omission was its failure to include the additional 9% statutory pre-judgment interest on unpaid post-acceleration contract interest. In these circumstances, we conclude that judgment was meaningfully ascertained when the amended judgment was entered on June 16, 2009. See, e.g., Goodrich Corp. v. Town of Middlebury, 311 F.3d 154, 177-78 (2d Cir. 2002) (holding that judgment on contribution claims was meaningfully ascertained despite erroneous omission of certain statutory pre-judgment interest); see also Spodek v. Park Prop. Dev. Assocs., 96 N.Y.2d 577, 581, 733 N.Y.S.2d 674, 676 (2001) (holding that N.Y. C.P.L.R. § 5001(a) "permits a creditor to recover prejudgment interest on unpaid interest and principal payments awarded from the date each payment became due

5

under the terms of the promissory note to the date liability is established" (emphasis added)). Accordingly, pre-judgment interest ceased to accrue when the amended judgment was entered on June 16, 2009. NML Capital will be reimbursed for the time value of the corrected judgment award, including the additional statutory pre-judgment interest through June 16, 2009, by an award of post-judgment interest. See generally 28 U.S.C. § 1961(a); Adrian v. Town of Yorktown, 620 F.3d at 107-08.

For the foregoing reasons, the district court's judgments are AFFIRMED except that the amended judgment entered on June 16, 2009, in Nos. 09-2708-cv (CON) and 09-2867-cv (XAP) is VACATED insofar as it denied NML Capital statutory pre-judgment interest on unpaid post-acceleration contract interest. The case is REMANDED for inclusion of such interest, as well as post-judgment interest due under federal law, in the judgment consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court