■ In the Matter of BRENDA DeLUCA TRUST et al., Respondents, and ELHANNON, LLC, Appellant. [969 NYS2d 568]—

Stein, J. Appeal from an order and judgment of the Supreme Court (McDonough, J.), entered December 21, 2011 in Albany County, which granted petitioners' application pursuant to CPLR 7503 to stay arbitration between the parties.

Pursuant to a letter of intent, respondent began to perform landscaping services for petitioner Brenda DeLuca Trust in July 2005 in conjunction with the construction of a custom home. Thereafter, the parties' agreement was reduced to a written contract that, among other things, incorporated the terms of the "General Conditions of the Contract for Construction" of the American Institute of Architects. The contract designated

Land Design Studio, LLC as the architect and Drew Cathell Custom Homes, Inc. as the construction manager. When a dispute regarding payment arose between the parties, respondent sent two letters (dated November 21, 2005 and November 28, 2005) to both Cathell—who it alleged had been playing the role of architect for the project—and the Trust indicating, among other things, that respondent intended to file a claim under the contract. The parties were unable to resolve the dispute and, in July 2011, respondent filed a demand for arbitration in accordance with the terms of the contract.[1] Subsequently, petitioners commenced this proceeding pursuant to CPLR article 75 seeking to permanently stay arbitration. Supreme Court granted petitioners' application, prompting this appeal by respondent.

We affirm. Because the arbitration process is a creature of contract, the parties may choose to make any particular contract requirement a condition precedent to arbitration or a condition in arbitration (*see Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 8-9 [1980]; *Matter of Spencer-Van Etten Cent. School Dist. [Auchinachie & Sons]*, 179 AD2d 855, 856 [1992], *lv denied* 79 NY2d 759 [1992]; *Matter of Town of Queensbury [Joseph R. Wunderlich, Inc.]*, 175 AD2d 946, 947-948 [1991]). Whether a condition precedent to arbitration has been satisfied is a determination to be made by the courts in the first instance (*see Matter of Town of Ticonderoga [United Fedn. of Police Officers, Inc.]*, 15 AD3d 756, 758 [2005]; *Matter of Town of Queensbury [Joseph R. Wunderlich, Inc.]*, 175 AD2d at 947-948).

Here, section 4.4.1 of the General Conditions of the Contract for Construction directs that claims "shall be referred initially to the Architect for decision" and that "[a]n initial decision by the Architect shall be required as a condition precedent to mediation, arbitration or litigation of all Claims between [respondent] and [the Trust] arising prior to the date final payment is due, unless 30 days have passed after the Claim has been referred to the Architect with no decision having been rendered by the Architect." Assuming, without finding, that respondent's November 2005 letters to the Trust and Cathell constituted a claim, it is undisputed that respondent failed to provide notice to Land Design of such claim—a condition precedent to arbitration—and we reject respondent's contention that it was under no obligation to do so.

While the record demonstrates that Cathell had, indeed,

---

1. No explanation for the lengthy delay between the genesis of the dispute and the filing of the demand for arbitration is apparent from the record.

performed some of the administrative tasks assigned to the architect under the contract, there is no evidence to support respondent's contention that such arrangement frustrated its ability to comply with the applicable notice provision or that notice to Land Design would have been futile. Respondent concedes that Land Design was plainly designated as the architect in the contract and that its representative had been introduced to respondent's principal as such. In addition, there is no evidence that Land Design had been removed from the project or that anything prevented respondent from notifying Land Design of its claim. Moreover, in the event that Land Design failed to render a decision on respondent's claim, the terms of the contract would have permitted respondent to proceed to the next step of the dispute resolution process 30 days after submission of the claim.[2]

Inasmuch as the parties' contract explicitly established that submission of a claim for decision by the architect was a condition precedent to arbitration and respondent failed to satisfy such condition, Supreme Court properly granted petitioner's application to stay arbitration (*see Matter of Lakeland Fire Dist. v East Area Gen. Contrs., Inc.*, 16 AD3d 417, 417-418 [2005]; *Matter of Board of Educ. of Schenevus Cent. School Dist. [Merritt Meridian Constr. Corp.]*, 210 AD2d 854, 855 [1994]; *Matter of Board of Educ., Longwood Cent. School Dist. v Hatzel & Buehler*, 156 AD2d 684, 685 [1989], *lv denied* 76 NY2d 703 [1990]).

Respondent's remaining contentions have been rendered academic by our decision or have been considered and found to be without merit.

Peters, P.J., Lahtinen and Egan Jr., JJ., concur. Ordered that the order and judgment is affirmed, without costs.

---

**2.** To the extent that respondent argues in the alternative that any failure to comply with the conditions precedent to arbitration was excused because the Trust had improperly terminated the contract, we need only note that the record is devoid of any evidence of such termination, aside from respondent's unsubstantiated assertion.