FILED: November 27, 2018

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-1900

GERALDINE L. VANDEVENDER, Administrator of the Estate of Del Ray Baird, deceased, and Jacqueline Ann Baird, deceased; NORWOOD R. JONES, Co-Executor of the Estate of Elizabeth J. Jones, deceased; LISA J. PATE, Co-Executor of the Estate of Elizabeth J. Jones, deceased; JOYCE K. HARRISON, Administrator of the Estate of Bettie Mae Kee, deceased and Samuel Kee, Sr., deceased; RALPH D. JONES, JR., Co-Executor of the Estate of Elizabeth J. Jones, deceased,

        Plaintiffs - Appellants,

   and

SAMUEL KEE, SR., Individually,

        Plaintiff,

   v.

BLUE RIDGE OF RALEIGH, LLC, d/b/a Blue Ridge Health Care Center; CARE VIRGINIA MANAGEMENT, LLC, d/b/a Care Virginia; CARE ONE, LLC, d/b/a CareOne,

        Defendants - Appellees,

   and

RALEIGH REGIONAL REHAB CENTER, LLC, d/b/a Crabtree Valley Rehab Center; NC MANAGEMENT HOLDINGS, LLC,

        Defendants.

------------------------------

NORTH CAROLINA ADVOCATES FOR JUSTICE,

Amicus Supporting Appellants.

No. 17-1951

GERALDINE L. VANDEVENDER, Administrator of the Estate of Del Ray Baird, deceased, and Jacqueline Ann Baird, deceased; NORWOOD R. JONES, Co-Executor of the Estate of Elizabeth J. Jones, deceased; LISA J. PATE, Co-Executor of the Estate of Elizabeth J. Jones, deceased; JOYCE K. HARRISON, Administrator of the Estate of Bettie Mae Kee, deceased and Samuel Kee, Sr., deceased; RALPH D. JONES, JR., Co-Executor of the Estate of Elizabeth J. Jones, deceased;

Plaintiffs - Appellees,

and

SAMUEL KEE, SR., Individually,

Plaintiff,

v.

BLUE RIDGE OF RALEIGH, LLC, d/b/a Blue Ridge Health Care Center; CARE VIRGINIA MANAGEMENT, LLC, d/b/a Care Virginia; CARE ONE, LLC, d/b/a CareOne,

Defendants - Appellants,

and

RALEIGH REGIONAL REHAB CENTER, LLC, d/b/a Crabtree Valley Rehab Center; NC MANAGEMENT HOLDINGS, LLC,

Defendants.

------------------------------

NORTH CAROLINA ADVOCATES FOR JUSTICE,

2

Amicus Supporting Appellees.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:14-cv-00150-BO)

Before DIAZ, Circuit Judge, TRAXLER, Senior Circuit Judge, and Richard M. GERGEL, United States District Judge for the District of South Carolina, sitting by designation.

Mandate recalled and judgment amended by unpublished order filed by Judge Gergel, in which Judge Diaz and Senior Judge Traxler joined.

## O R D E R

GERGEL, District Judge:

On August 2, 2018, this Court issued a judgment affirming the denial of the motion for judgment as a matter of law as to Plaintiff Jones' award of compensatory damages, reversing the judgment as a matter of law as to Plaintiffs' award of punitive damages, and remanding the case with instructions to enter judgment for Plaintiffs consistent with North Carolina's statutory limits on punitive damages. The mandate was entered on August 24, 2018. Plaintiffs now move the Court to recall and amend the mandate to address the date on which postjudgment interest commences. Defendants, in their response, request that any postjudgment interest on punitive damages be calculated pursuant to 28 U.S.C. § 1961. For the reasons stated below, the mandate is recalled and the judgment amended to award postjudgment interest on the punitive damages award

3

from the date of the original entry of judgment in the district court on February 16, 2017, at the federal rate of interest set forth in 28 U.S.C. § 1961(a).

## I.

In reversing the district court's grant of judgment as a matter of law on punitive damages, the Court did not address postjudgment interest. Federal Rule of Appeal Procedure 37 requires that "[i]f the court modifies or reverses a judgment with a direction that a money judgment be entered in the district court, the mandate must contain instructions about the allowance of interest." Fed. R. App. P. 37(b). The Advisory Committee Notes go on to state that without instructions, the district court has no authority to award postjudgment interest from the time of the original verdict, and instead the only recourse an aggrieved party has is to seek recall of the appellate court's mandate. As this Court's judgment and mandate were silent regarding the date on which postjudgment interest commenced, it is appropriate for the Court to recall the mandate and address the issue.

## II.

On February 16, 2017, the district court entered judgment on the jury's verdict that awarded plaintiffs actual and punitive damages. On July 5, 2017, the district court amended the judgment, vacating the award of punitive damages. Subsequently, this Court reversed the district court's order and issued a judgment on August 2, 2018, reinstating the jury's original verdict awarding punitive damages. Plaintiffs argue that postjudgment interest on the reinstated punitive damages award should commence with the district court's initial entry of judgment on February 16, 2017. Defendants, in

opposition, argue that the postjudgment interest should commence on September 24, 2018, the date on which the district court entered judgment in accordance with this Court's mandate.

Although the Fourth Circuit has not had the occasion to address the situation presented here (a jury verdict vacated by the district court and then reinstated by the appellate court), several other circuits have held that in this circumstance postjudgment interest should run from the date of the original district court judgment. *Adrian v. Town of Yorktown*, 620 F.3d 104, 107-08 (2d Cir. 2010); *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 104 (2d Cir. 2004); *Indu Craft, Inc. v. Bank of Baroda*, 87 F.3d 614, 620 (2d Cir. 1996); *Graefenhain v. Pabst Brewing Co.*, 870 F. 2d 1198, 1211 (7th Cir. 1989); *Reaves v. Ole Man River Towing, Inc.*, 761 F.2d 1111, 1113 (5th Cir. 1985). These rulings are based on the principle that postjudgment interest should run from the time the amount of the judgment was "ascertainable in a meaningful sense." *See Adrian v. Town of Yorktown*, 620 F.3d at 620. This avoids the situation where the defendant would receive a windfall as a result of the district court's erroneous decision to vacate the jury's lawful verdict.

This principle is consistent with the Supreme Court's ruling in *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827 (1990), which refused to grant postjudgment interest from the date of an earlier, vacated, judgment because "the [original] judgment on damages was not supported by the evidence," and therefore "damages ha[d] not been 'ascertained' in any meaningful way." *Id.* at 836. Here, to the contrary, damages were ascertained in a meaningful way at the time of the initial judgment on February 16, 2017,

5

and this Court's judgment on appeal merely reinstated the jury's finding that punitive damages were appropriate. *See Indu Craft, Inc.*, 87 F.3d at 620 ("Unlike *Kaiser*, here we did not disturb the jury's factual findings on appeal and the original judgment was sufficiently substantiated by the evidence."). Therefore, postjudgment interest should be calculated from the date of the original entry of judgment on February 16, 2017.

### III.

Finally, the Parties disagree over whether the North Carolina or federal rate should be used to calculate the postjudgment interest on the punitive damages award. However, it is well settled that the federal rate applies to postjudgment interest even in diversity actions. *See Forest Sales Corp. v. Bedingfield*, 881 F.2d 111, 113 (4th Cir. 1989) ("In [diversity] cases postjudgment interest should be calculated at the federal, rather than state, rate."). The federal rate shall therefore apply to postjudgment interest on the punitive damages award here. *See* 28 U.S.C. § 1961(a) ("Such interest shall be calculated…at the rate equal to the weekly average 1-year constant maturity Treasury yield . . ."). The award and rate of interest under 28 U.S.C. § 1961(a) is mandatory, and therefore Plaintiffs' argument that Defendants waived the application of the federal rate by not previously contesting the use of the higher North Carolina rate is unpersuasive. The federal rate controls.

### IV.

For the reasons set forth above, Plaintiffs' motion to recall the mandate and amend the judgment to award postjudgment interest on the punitive damages award from the

date of the original entry of judgment in the district court on February 16, 2017 is granted. Judgment interest is at the federal rate set forth in 28 U.S.C. § 1961(a).

*MANDATE RECALLED AND JUDGMENT AMENDED*