Filed 01/31/25

VERMONT SUPERIOR COURT

Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-01843

---

**Arthur Roy, Jr. et al v. Nicholas Lizotte**

---

## ENTRY REGARDING MOTION

Title:        Motion to Strike or Dismiss Amended 3rd Party Complaint (Motion: 2)
Filer:        Jody Marie Frey
Filed Date:   December 17, 2024

Pending before the court is a motion by third-party defendant Arthur Roy III to strike or dismiss the amended third-party complaint filed by defendant/third-party plaintiff Nicholas Lizotte.

Rule 14(a) of the Vermont Rules of Civil Procedure permits a defendant to implead a third party "who is or may be liable to such third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." "The rule allows a defendant to bring in a third-party 'who is or may be liable to him for some or all of the plaintiff's claim on a theory such as indemnity, subrogation, contribution, or warranty.'" *Swett v. Haig's, Inc.,* 164 Vt. 1, 8 (1995) (quoting Reporter's Notes, V.R.C.P. 14). The third-party defendant can respond to the complaint under Rule 12 and may also "move to strike the third-party claim, or for its severance or separate trial." V.R.C.P. 14(a).

Here, plaintiffs have pleaded claims against Mr. Lizotte for trespass, to quiet title, for contribution toward shared road maintenance, and nuisance. As characterized in the motion to strike, the complaint alleges that:

> Mr. Lizotte owns land with a right-of-way across [plaintiffs'] own land, that he has acted beyond his rights by going out-of-bounds, and that in the process of subdividing his land he is asserting rights which Plaintiffs dispute. Specifically, they alleged Mr. Lizotte drives where he shouldn't, plows where he shouldn't, has applied for a subdivision based on claimed rights which Plaintiff's dispute, asserts additional claims to rights which Plaintiffs dispute, fails to contribute to maintenance, and drives too fast.

Mot. to Strike. 2. Mr. Lizotte largely agrees with this characterization of the complaint. Opp. 2. Mr. Lizotte's third-party claims against Mr. Roy III are for intentional infliction of emotional distress, civil assault, false imprisonment, and nuisance. He alleges, among other things, that Mr. Roy III wrongfully entered his property, removed survey markers, and

physically threatened him, placing him in imminent fear of serious bodily injury. According to Mr. Lizotte, Mr. Roy III thus may be liable to plaintiffs "for making it seem [Mr. Lizotte's] actions were unlawful" and by "forc[ing]" Mr. Lizotte into those alleged actions. Opp. 3.

The court interprets Rule 14 to require that a third-party claim must actually depend on or be derived from the plaintiff's claim. This interpretation is supported by the types of claims mentioned in the Reporter's Notes—indemnity, subrogation, contribution, and warranty—and by cases interpreting analogous language in the federal rule. For example, the Second Circuit has explained:

> To sustain an impleader action, the third-party defendant . . . must be liable secondarily to the original defendant, or . . . must necessarily be liable over to the defendant for all or part of the plaintiff's recovery, or . . . the defendant must attempt to pass on to the third party all or part of the liability asserted against the defendant. This means that the impleader action must be dependent on, or derivative of, the main or third-party claim.

*Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 437–38 (2d Cir. 2000) (cleaned up, quotations omitted); *see also* 6 Charles Alan Wright & Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1446, at 377 (3d ed.) ("A third-party claim may be asserted under Rule 14(a)(1) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defending party."). Thus, "a third-party claim is not permissible simply because it arises out of the same nucleus of facts as the main claim." *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 380 (S.D.N.Y. 2006) (quotation omitted).

Here, Mr. Roy III's alleged conduct may be relevant to Mr. Lizotte's defense of plaintiffs' trespass and nuisance claims, but the court does not see how they could make Mr. Roy III himself liable for those claims.

Accordingly, the motion to strike is GRANTED without prejudice to Mr. Lizotte pursuing his claims against Mr. Roy III in a separate action if he so chooses.

Electronically signed on: 1/30/2025 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge